CAMDEN FIRE INSURANCE ASSOCIATION V. HAROLD E. CLAYTON
& COMPANY.

No. 15667.   Decided May 23, 1928.
(6 S. W., 2d Series, 1029.)

*E. G. Senter,* for petitioner.

The court erred in its conclusion of law to the effect that under Art. 4931 of the Revised Civil Statutes of 1925 the plaintiff was entitled to recover against the insurance company notwithstanding the breach by the assured of the condition of the policy which provides that it shall become void in the event the assured shall procure additional insurance without the consent of the company.

*Clark & Clark,* for appellee, cited: 2 Cooley on Insurance, 25; American Cent. Ins. Co. v. Cowan, 34 S. W., 460; Home Ins. Co. v. Boatner, 218 S. W., 1097.

MR. CHIEF JUSTICE CURETON delivered the opinion of the court.

This case is before us on application for writ of error. The opinion of the Court of Civil Appeals is published in 298 S. W., 451.

Camden Fire Insurance Association issued a policy to M. H. Hines covering an automobile in the amount of $325. Hines owed $340.72 on the car, represented by twelve notes, each and all of

which were "secured by a valid chattel mortgage on the car * * * which notes and mortgage were in favor of and payable to Harold E. Clayton & Company." The policy sued on showed that the property was encumbered, and the amount of the encumbrance, represented by twelve notes. It then contained a loss payable clause reading as follows:

"Any loss under this policy that may be proved due to the assured shall be payable to the assured and Harold E. Clayton & Company, Greenville, Texas. (The person, firm or corporation holding the encumbrance.)"

While the policy was in effect, and before the automobile was destroyed by fire, without the knowledge or consent of Clayton & Company, Hines took out another fire insurance policy on the same car. Subsequently the automobile was destroyed by fire, and the Camden Company, the plaintiff in error here, denied liability, presenting as defense a clause in its policy reading as follows:

"No recovery shall be had under this policy if at the time a loss occurs there is any other insurance covering such loss which would attach if this insurance had not been effective."

The trial court and the Court of Civil Appeals correctly held that this last quoted clause of the policy was not effective to forfeit the policy in so far as Clayton & Company was concerned, for the reason that the statute nullified the effectiveness of any such clause as to the mortgagee, Clayton & Company.

The Act involved is incorrectly printed in the Revised Statutes. As there published, it reads:

"The interest of a mortgagee or trustee under any fire insurance contract hereafter issued covering any property situated in this State shall not be invalidated *by any act of neglect of the mortgagee or owner* of said described property or the happening of any condition beyond his control, and any stipulation in any contract in conflict herewith shall be null and void." (Italics ours.)

From the statute as quoted it is apparent that the word *"mortgagee,"* in connection with the words "or owner," is used for the word *"mortgagor,"* and the Court of Civil Appeals correctly so treated it. In addition, the statute contains the words *"any act of neglect,"* which gives it, to say the least, a doubtful meaning. Since the statute as printed in the Code is of doubtful or uncertain meaning, we are authorized to examine the original Act, including the caption, as passed by the Legislature. 25 Ruling Case Law, p. 1065, par. 289.

The statute was enacted by the Thirty-sixth Legislature at its regular session, and is published as Chapter 15 of the General Laws of that session. As originally enacted, omitting the emergency clause, it read:

"An Act providing that the interest of a mortgagee or trustee under any fire insurance policy shall not be invalidated by any act or neglect of the mortgagor or owner of the property insured by said policy or the happening of any condition beyond his control, and declaring void any stipulation in any fire insurance contract in conflict herewith and declaring an emergency. "Be it enacted by the Legislature of the State of Texas:

"SECTION 1. The interest of a mortgagee or trustee under any fire insurance contract hereafter issued covering any property situated in this State shall not be invalidated by any *act or neglect* of the *mortgagor* or owner of said described property or the happening of any condition beyond his control, and any stipulation in any contract in conflict herewith shall be null and void." (Italics ours.)

From the body of the Act as originally enacted and from the caption it is apparent that the words *"any act of neglect,"* printed in the Code, contain a misprint or typographical error, and that for these words we must substitute *"any act or neglect,"* as shown in the original legislative Act.

It is also apparent from the Act that the interest of a mortgagee or trustee under a fire insurance policy is not to be invalidated by "any act or neglect of the *mortgagor.*"

The terms of the statute involved are so plain that there can be no doubt whatever that its purpose was to protect the holder of the mortgage, to whom the policy was made payable under the loss payable clause, from *"any act or neglect of the mortgagor."* Since the taking of additional insurance which might otherwise have invalidated the policy was an act of the mortgagor prohibited by the statute, it follows that the policy is not invalid in so far as the mortgagee, Harold E. Clayton & Co., is concerned.

The statute in question, in its final analysis, is largely a legislative adoption of the meaning given what has sometimes been called the "Union Mortgage Clause" by the courts of the country. This clause, among other things, ordinarily provides that the loss, if any, shall be payable to the mortgagee as his interest shall appear, and, further, that the insurance as to the interest of the mortgagee only therein shall not be invalidated by any *act or neglect of the mortgagor* or owner of the property. The effect of this clause, when

attached to a policy, is to make a new and independent contract between the mortgagee and the insurer, and to effect a separate insurance on the mortgagee's interest. Being a separate insurance of the mortgagee's interest, its validity is dependent solely on the acts of the mortgagee, and is not affected by any act or neglect of the mortgagor in violation of the conditions of the policy of which the mortgagee is ignorant. Cooley's Briefs on Insurance (2d Ed.), Vol. 2, p. 1260; Joyce on Insurance (2d Ed.), Secs. 2794a, 2794b, 2795; Home Ins. Co. v. Boatner, 218 S. W., 1097, 1099.

A reading of the authorities cited will plainly show that the statute involved is in effect a legislative adoption of the interpretation placed upon the "Union Mortgage Clause" by the courts of the country, and we see no reason why we should give the statute a construction more restrictive of the rights of the mortgagee than have the courts, where it was merely a part of the agreed contract. In fact, the statute as it exists was a part of the contract in this instance, since statutes governing the creation of contracts of this character are to be regarded as parts of the contracts themselves. Cooley's Briefs on Insurance (2d Ed.), Vol. 2, p. 1102; First Texas Prudential Ins. Co. v. Sorley, 272 S. W., 346; Southland Life Ins. Co. v. Hopkins, 219 S. W., 254.

That clause in the policy providing that no recovery can be had in the event the mortgagor takes out additional insurance cannot be given effect or made to override the plain provisions of the statute. The insistence is here made that the contract before us is not within the terms of the statute. With this we cannot agree. The policy plainly shows that this automobile was encumbered in the amount heretofore stated, and that defendant in error was the "person, firm, or corporation holding the encumbrance." The agreed statement of facts, from which we have quoted, also shows that at the time the policy was issued there was an indebtedness in the amount previously stated, evidenced by twelve notes, all of which were secured "by a valid chattel mortgage * * * in favor of and payable to Harold E. Clayton & Co."

We think the Court of Civil Appeals correctly disposed of the question here discussed, as well as the others raised in the application. The application for writ of error is, accordingly, refused.

*Writ of error refused.*