## BALTIMORE AMERICAN INS. CO. OF NEW YORK v. JAMES.

### No. 9730.

Court of Civil Appeals of Texas. Galveston.

March 17, 1932.

Rehearing Denied April 14, 1932.

Bryan & Bryan, of Houston, for appellant.

PLEASANTS, C. J.

This is a suit by appellant against appellee to recover the sum of $221.40, with interest and attorney's fees, due upon five promissory notes executed by appellee in favor of Raymond Pearson and transferred and assigned by Pearson to appellant, and to foreclose a mortgage lien upon personal property given by appellee to secure the payment of the notes.

The appellee answered in the court below by a general demurrer and a special exception on the ground that plaintiff's petition fails to state the date of the transfer of the notes to it by the original payee, Pearson. Subject to the demurrer and exception, defendant denied generally all of the allegations of the petition, and specially denied that Pearson sold and transferred the notes sued on to plaintiff for a valuable consideration, and denied "that plaintiff was the legal or equitable holder and owner of the notes." The answer then avers, in substance: That on or about August 1, 1929, plaintiff entered into a contract with the defendant by the terms of which plaintiff insured the defendant against loss by theft of the automobile described in plaintiff's petition, for the purchase price of which the notes sued on were given, and upon which the mortgage declared on in the petition was executed by defendant to secure the payment of the notes; that said original contract of insurance is now in the possession of plaintiff, and its production in court on the trial of this case is demanded; that on or about the 15th day of December, 1929, the automobile so covered by plaintiff's policy of insurance was stolen from defendant under such circumstances as made the plaintiff liable to defendant for its value under the terms of the insurance contract which bound plaintiff to either procure the return of the automobile to defendant and pay defendant for any damage thereto caused by its theft, or pay defendant its value if unable to procure its return; that said automobile has never been returned to defendant, and plaintiff, being unable to procure its return did, on May 27, 1930, in accordance with the provisions of its insurance contract, pay to Raymond Pearson, the mortgagee in said contract of insurance, the sum of $221.40 in settlement of defendant's loss by reason of the theft; that the amount paid Pearson was the amount of the balance then owing on the notes declared on in plaintiff's petition, and such payment by plaintiff satisfied and discharged said notes in full; that the amount so paid Pearson was not paid as the purchase price of the notes, but as the amount then due to defendant by plaintiff under its insurance policy, and as a matter of law and equity was made for and in behalf of defendant; and that said notes have therefore been paid in full. "Wherefore, premises considered, defendant prays that plaintiff take nothing by its suit, and that the relief by it prayed for be in all things denied, and that defendant go hence with his costs without day."

The defendant then by cross-action sought affirmative relief against the plaintiff upon the following allegations:

"And now comes the defendant and files this his cross-action and alleges and states that on or about the 27th day of July, 1930, defendant owned and possessed the following described personal property, of the value as follows:

"One (1) 1928 Model A, Ford Touring body, Automobile, Engine Number A273089, of the value of $260.00.

"That afterwards, to-wit, on the same day, plaintiff unlawfully took possession of said property and converted the same to its own use.

"That by reason thereof defendant sustained damage in the sum of $260.00.

"Defendant further alleges that the conversion of said automobile by plaintiff as aforesaid and the resulting damage to defendant arose out of, is incident to, and connected with plaintiff's cause of action, by reason of the fact that plaintiff took defendant's said automobile as aforesaid in an effort to apply the proceeds of the sale thereof to payment of said notes upon which this suit is founded and a full and proper adjudication of the rights of the plaintiff and defendant require its consideration in connection with plaintiff's alleged cause of action.

. "Wherefore, premises considered, defendant prays that the plaintiff take nothing by its suit, and that defendant have judgment against plaintiff in the sum of $260.00, together with interest at the legal rate from the 27th day of July, 1930, for his costs herein expended, and for such other and further relief as he may be entitled to, either at law or in equity."

Plaintiff replied to this answer by supplemental petition, which contains several special exceptions, the nature of which it is unnecessary to state, and alleges, in substance, that the policy of insurance upon defendant's car mentioned in defendant's answer was made payable to Raymond Pearson as his interest might appear in the mortgage given by defendant on the car to secure the payment of the aforesaid purchase-money notes, and that said insurance policy, which was for the sum of $375, by its express terms only covered the car while it was being used for business and pleasure, and generally provides "that in case of any liability of plaintiff herein under the said policy, that such liability shall be paid to Raymond Pearson only and shall be limited to the assured's indebtedness to said Raymond Pearson, all of which is more fully shown in a copy of said policy of insurance contract No. 60514 and riders attached thereto, attached hereto and made a part hereof as though fully incorporated and set out herein, and called 'Exhibit A.'"

Plaintiff further alleged that when the notes to Pearson became due and the car had not been recovered it was required under its insurance contract to pay Pearson the amount due upon the notes, and that upon making such payment and in consideration therefor received from Pearson a transfer and assignment of the notes and mortgage securing same.

"Plaintiff herein specially denies that defendant herein, Leslie James, has any rights, claims, or credits under and by virtue of said insurance contract No. 60514 for the reason that said Leslie James did on numerous and divers occasions prior to the month of January A. D. 1930, that being the time the car is alleged to have been stolen, use and employ said car in rental or lease service, all contrary and in violation and in breach of the express terms and conditions and warranties of the said contract of insurance.

"Plaintiff herein would further show this Honorable Court that at a time unknown to this plaintiff herein and in a manner unknown to this plaintiff herein, said Leslie James, after the alleged theft of the Ford car described in defendant's answer, did come back into possession and control of said Ford car without in anywise reporting said repossession to the said Raymond Pearson or this plaintiff herein.

"Plaintiff herein would further show to this Honorable Court that by virtue of the above facts and by way of alternative, to its pleas as contained in its original petition, that plaintiff herein is subrogated to all the rights, title and interest of Raymond Pearson in the said notes sued upon in the plaintiff's original petition, and by virtue thereof and as an alternative to its suit, as the legal and equitable owner and holder of said notes, should recover against the said Leslie James for the full amount therein sued for, less any credits that may be shown by competent evidence to be due the said Leslie James, if there be any.

"Wherefore, as in its original petition, plaintiff herein prays that it have judgment against the said Leslie James on said notes for the amount sued for in its original petition and as therein and herein prayed for."

Plaintiff further prays that defendant take nothing on his cross-action against it.

The trial in the court below without a jury resulted in a judgment in favor of defendant that plaintiff take nothing by its suit, and in favor of plaintiff that defendant take nothing against plaintiff on his cross-action. All costs of the suit were adjudged against the plaintiff.

The sole questions presented by this appeal are thus stated in appellant's brief:

"Where insured mortgagor violates and voids his policy contract of insurance, insurer may pay mortgagee under said contract of insurance and take assignment of notes, evidencing debt of mortgagor insured and sue mortgagor insured on said notes and recover thereon. And the trial court herein erred in not so holding.

"Insurer upon denying liability to mortgagor insured, and upon proving violation and voiding of policy contract of insurance by mortgagor insured, upon paying off mortgagee under said contract of insurance is equitably subrogated to the debts and claims owned by mortgagee against mortgagor insured, and entitled to recover thereon to the extent of the amount paid mortgagee. And the trial court erred in not so holding."

At the request of appellant the trial court

filed findings of fact and his conclusions of law thereon.

There is no statement of facts with the record and no brief for appellee, and the fact findings by the trial court are not assailed.

After finding the execution of the notes, mortgage, and insurance policy as alleged in the pleadings, the fact findings pertinent to the questions presented for our determination are as follows:

"I find that on or about August 1, 1929, Raymond Pearson for and on behalf of Leslie James, defendant herein, as well as for himself, Raymond Pearson, insured the Ford car hereinafter referred to against fire and theft in the Baltimore American Insurance Company of New York, and that said Company issued its policy of insurance covering said Ford touring car, being Policy No. 60514. In this connection I find that said policy was the standard Texas form of policy, covering fire, theft, and transportation insurance, that said policy was written in the name of the assured, Leslie James, residence Goose Creek, Texas, the term of insurance to run from Noon, August 1st, 1929, to Noon, August 1st, 1930, the loss, if any, to be paid to assured and Raymond Pearson as their interests may appear. I find that said policy of insurance contained the following warranties pertinent to this case:

"1. Assured's occupation of business is 'Run Garage.'

"4. The uses to which the automobile described is, and will be put are 'Business and Pleasure.'

"5. The automobile described will not be rented or leased, or frequently or habitually used for carrying passengers for compensation.

"6. The automobile described is usually kept in 'private garage, located—Goose Creek, Texas.'

"I further find that under the caption 'Perils Insured Against' the policy contains the following, to-wit:

" 'Insurance is granted and affected by this policy for only such of the following sections, 1, 2, 3, 4, 5 and/or 6 for which a specific premium charge is made as is indicated below by a premium set opposite thereto, and the insurance is subject to the following specified amounts, limits and deductions and to all the terms, agreements, conditions and warranties in this policy and endorsements attached thereto.'

"In this connection I further find that there was attached thereto and made a part of said insurance policy contract No. 60514 the following warranties:

" 'It is hereby warranted by the assured that he has paid One Hundred Twenty Five and No/100 ($125.00) Cash on the purchase price of the car covered by this policy, and that the balance of $369.00 is represented by ten (10) notes for $36.90, due monthly from date of purchase, loss, if any hereunder, shall be payable to Raymond Pearson, as owner of said notes as his interest may appear, subject to all of the terms and conditions of the policy, save, however, that this insurance as to the interest of the said Raymond Pearson only, shall not be invalidated by any statement, act (excepting the wrongful conversion, or secretion) or neglect of the assured, or by the failure of the assured to pay any of the notes within the time specified above, and in such case the liability of the company under this policy shall be paid to the said Raymond Pearson only and shall be limited to their assured's indebtedness to the said Raymond Pearson, attached to and forming a part of Policy No. 60514 of the Baltimore American Insurance Company of New York, Agency at Houston, Dated August 1st, 1929, Cochran Insurance Agency, Agents by W. O. Crabbe.'

"I find that defendant, Leslie James, paid four (4) of the notes hereinabove described, and in this connection I find that Note No. 5 due January 1st, 1930, and Notes Nos. 6, 7, 8, 9, and 10 have never been paid by Leslie James to Raymond Pearson, or to any other person, and I further find that the aggregate principal amount of Notes Nos. 5 to 10, inclusive, is $231.40.

"I find that on or about the 25th day of January, 1930, the Ford Touring car above described, having Motor No. 273089, was stolen, taken and/or disappeared from the possession of Leslie James in Goose Creek, Texas.

"I find that on or about the 31st day of May, 1930, the Baltimore American Insurance Company paid to Raymond Pearson the aggregate principal amount of notes Nos. 5 to 10, inclusive, given by defendant, Leslie James to Raymond Pearson, to-wit: the sum of Two Hundred Twenty-One and 40/100 ($221.40) Dollars, and in this connection I find that Raymond Pearson sold, assigned and transferred to the Baltimore American Insurance Company, plaintiff herein, Notes Nos. 5 to 10, inclusive, of the said Leslie James, defendant herein, by the following assignment, which appears on the back of each and every one of said notes Nos. 5 to 10, inclusive, said assignment being as follows, substantially, to-wit:

" 'Pay to the order of Baltimore American Ins. Co.

" 'Without Recourse

" 'Raymond Pearson

" 'By B. Williford.'

"I further find that on the same date Raymond Pearson Company or Raymond Pearson assigned and transferred to Baltimore American Insurance Company the chattel mortgage given by Leslie James, defendant herein, on the above described car at the time of purchase thereof.

"I find that sometime around the month of May, 1930, Leslie James, defendant herein, recovered possession of the above described Ford Touring car sold to him by Raymond Pearson, in Louisiana, and brought same back to Goose Creek, Texas.

"I find that prior to the disappearance of said car above described, defendant, Leslie James, used said car in rent or livery service.

"I find that the Baltimore American Insurance Company repossessed itself of the above described car, and sold and disposed of said car, and after paying proper and necessary expenses incidental to the possession of same and the sale of same, received a net balance of $————.

"I find that the Baltimore American Insurance Company, or its agents, servants, and/or employees, were not guilty of illegally taking the 1928 Ford Touring Car, Motor No. A273089, from the defendant, Leslie James, nor did they illegally convert this car to their own use, and in this connection I find that Leslie James voluntarily delivered up possession of said car to the agent of the Baltimore American Insurance Company."

As we interpret these findings of fact, we agree with appellant that judgment should have been in its favor for the amount found due upon the notes, according to their terms and effect. Under its policy of insurance appellant's liability as to defendant terminated when defendant violated his warranties and agreement set out in the insurance contract that the car would only be used "for business and pleasure" and would "not be rented or leased, or frequently or habitually used for carrying passengers for hire." The trial court expressly finds that defendant did so violate its warranties by using "the car in rent or livery service."

Upon this state of facts the appellant by the express terms of its policy, which was issued for Pearson's benefit, was required to pay Pearson the amount due upon appellee's unpaid notes, and could by assignment or subrogation acquire all the rights of Pearson to enforce payment of the notes by the defendant. The court finds that all of Pearson's rights against defendant were transferred to appellant in consideration of its payment of the amount due him by appellee. That such assignment was valid and gave appellant the right to enforce payment of the notes is, we think, settled by the opinion of our Supreme Court in the cases of Camden Fire Ins. Association v. Clayton & Co., 117 Tex. 414, 6 S.W.(2d) 1029, and Home Ins. Co. v. Boatner, 239 S. W. 928, 930. In the last-cited case, the Commission of Appeals, in affirming a judgment in favor of the insurance company, who claimed under a subrogation agreement, say:

"Had the policies been taken out originally by Weil in his own interest alone, and at his own expense, the insurance company would have stood in the relation of surety for the mortgage debt to the extent of any loss by fire to the property securing that debt; and, even in the absence of a subrogation agreement, would have been entitled to subrogation upon discharging the mortgage debt. See note II, Ann. Cas. 1917B, pages 1135-1137. * * *

"Under the express terms of the subrogation clause which bound all parties to the contract of insurance the avoidance of the policy as to Boatner determined entirely his interest in the insurance as effectually as if the policy had never been taken out. The policy then became nothing more than insurance by the mortgagee of his debt, and if that debt had been paid at any time by Boatner the obligation of the Home Company under the policies would have ceased; and any partial payment by Boatner would to that extent reduce the amount of liability by the Home Company upon the policies. After Boatner had rendered the policies void as to himself there was no obligation whatever on the part of Weil to collect the insurance from the Home Company in so far as Boatner was concerned, and the Home Company was entitled at any time to pay off the mortgage debt and receive a transfer of the notes and lien under the express terms of the subrogation provision of the mortgage clauses.

"The notes and lien were assignable in the hands of Weil without the consent of Boatner independently of the subrogation clause; and when the Home Company through its agent acquired the notes and lien, it stood, to the extent of the amount paid by it to the mortgagee, in the same position as any other assignee, holding the notes and lien subject to any defenses which might be urged against Weil. Boatner has not in any way been injured by the failure of the insurance company to pay the amount of loss to Weil because such payment, if made, could not inure to his benefit, and there has been no time since the notes became due when he did not have the legal right to discharge them by payment to Weil."

Such being the rule of law, the judgment of the trial court must be reversed.

When our decision of this appeal was announced, we were unmindful of the fact that the record failed to show the net amount received by appellant from the sale of the automobile after it was recovered by the defendant and taken and sold by appellant with the consent of appellee, and the proceeds applied on the amount due by appellee, on the notes, and therefore we erroneously announced that judgment would be here rendered for appellant for the amount due upon the notes. It is manifest that in this state of the record no judgment can here be rendered. The mortgage which was attached to plaintiff's pleading and which is referred to in the findings of fact and was presumably introduced in evi-

dence authorized the holder of the notes to take possession and sell the car upon default by defendant in the payment of the notes or other obligations assumed by him to Pearson. But, in the absence of any evidence to show the amount now due by appellee, we cannot render judgment against him for any amount.

Our former order directing that the judgment be reversed and here rendered for appellant is set aside upon our own motion, and judgment will now be entered reversing and remanding the cause for a new trial.

Reversed and remanded.