### AMERICAN INDEMNITY CO. v. TOWNSEND.

#### No. 5328.

Court of Civil Appeals of Texas. Amarillo.

Sept. 15, 1941.

Rehearing Denied Oct. 27, 1941.

Storey, Storey & Donaghey, of Vernon, and Levy & Levy, of Galveston, for appellant.

Curtis Renfro and Warlick & Bunnenberg, all of Vernon, for appellee.

FOLLEY, Justice.

This is a suit upon a fire insurance policy in the sum of $500 issued by the appellant, American Indemnity Company, insuring certain personal property belonging to the appellee, W. B. Townsend, against fire and lightning. The property insured consisted of a floor surfacing and polishing machine, two generators, some rubber tiling and other equipment and supplies used in connection with the machinery. With the exception of one of the generators and the rubber tiling all of the property was destroyed by fire during the life of the policy. The property destroyed was found by the jury to have been of the reasonable cash market value of $700. The court rendered judgment in appellee's favor for the full amount of the policy. From this judgment the appellant brings this appeal.

The appellant seeks to avoid liability on the policy upon the theory that the property was insured only while located and contained in appellee's private garage at his home in Vernon, Texas, the property hav-

ing been destroyed in a school building some twelve miles southwest of Vernon. The appellee, in addition to his reliance upon the policy as written, met the above contention of the appellant in the trial court by an alternative plea to the effect that if the policy limited the appellant's liability in this respect there was fraud, accident or mistake in the issuance of the policy and that the parties intended the property to be insured wherever it was situated. The trial court having adopted appellee's first contention that there was no limitation in the policy with reference to the location of the property the appellee abandoned his alternative pleading and based his recovery in the instant suit upon the policy as written.

The original insurance policy accompanies the record. It was written upon the Texas Standard Combined Fire and Windstorm Dwelling Policy form which insured against all direct loss or damage by fire and lightning "except as hereinafter provided, to an amount not exceeding the sums set opposite the various items severally listed below and for each hazard assumed, *while located and contained as described below, and not elsewhere*." (Italics ours.) Beneath this stipulation we find Item No. 1 of the policy as follows:

one Story shingle Roof frame Building, including foundations, permanent piping and fixtures for heating, lighting and water service, while occupied as a garage containing the below described equip. and situated on the premises above described."

The phrase "garage containing the below described equip." as well as the words "one", "shingle" and "frame" in this quotation were written in the printed form by typewriter.

Item 4 was not filled in, the same being another form identical with Item 3.

In Item 5 under the phrase "Amount Fire and Lightning" was written in typewriter "$500.00". The word "nil" was filled in under the "Amount Windstorm and Hail". In the same item we find the following additional language which was written by typewriter: "On equip. & supplies such as used by floor surfacer such as rubber tiling, two American Universal generators, one Universal American Floor Surfacer and floor polishing machine."

Under the above provisions of the policy it is our opinion the property was insured only when the same was located in the garage of the appellee at 3300 Maiden Street in the City of Vernon. Under such circumstances we think this case comes clearly

| "Items | Amount Fire and Lightning. | Amount Windstorm and Hail. | |
|---|---|---|---|
| 1. | $ nil | $ nil | On the one Story shingle Roof frame Building, including foundations, permanent piping and fixtures for heating, lighting and water service, while occupied by owner and not otherwise, as a Dwelling and situated as follows: No. 3300 Maiden Street, in Vernon, Texas; being Lot No. 3, Block No. 3, Bacon and Bentley Addition." |

Item No. 2 is not material, the form being for insurance on household furniture in the above-described building which form was not filled in.

In Item 3 the word "nil" was written in typewriter under the amounts of the two classes of insurance indicated above in Item 1. To the right in the same item, however, we find this language: "On the

within the rule expressed in British American Assur. Co. v. Miller, 91 Tex. 414, 44 S.W. 60, 39 L.R.A. 545, 66 Am.St.Rep. 901, which, in the absence of a showing of fraud, accident or mistake, forecloses against the appellee any recovery upon the policy as written.

The judgment is reversed and the cause remanded.