## WYCHE v. TRINITY UNIVERSAL INS. CO.

### No. 5731.

Court of Civil Appeals of Texas. Amarillo.
Nov. 9, 1946.

Rehearing Denied Dec. 9, 1946.

Bonney, Paxton & Wade, of Dallas, for appellant.

James J. Sheerin, of Dallas, for appellee.

STOKES, Justice.

This suit was instituted by appellant, Paul Wyche, who was engaged in the loan and investment business under the trade name of Wyche Investment Company, against the appellee, Trinity Universal Insurance Company, upon a policy of insurance issued by the appellee to Fain D'Orsay upon an automobile. D'Orsay was indebted to appellant in the sum of $1,050 and the policy contained the usual loss payable clause in favor of appellant as his interest might appear. On December 28, 1943, D'Orsay was engaged in transporting four soldiers and a sailor from New Orleans, Louisiana to Gulfport, Mississippi. The insured automobile was being used for the purpose and D'Orsay was to receive $35 from his passengers as consideration for the service. Before the trip was completed D'Orsay, his passengers, and his automobile were involved in a collision which resulted in serious damage to the automobile and the suit was instituted to recover the damage under the terms of the policy. It was stipulated at the trial that the damage, after crediting upon the in-

debtedness of appellant the amount received for the salvage of the car, was $700. The policy contained a provision to the effect that it would not apply under any of the coverages therein while the automobile was being used as a public or livery conveyance unless such use was specifically declared and described in the policy and a premium charged therefor. The items insured by the policy were described therein as "W— Comprehensive (Loss of or damage to the automobile, except by collision, but including fire, theft, and windstorm)." For this item a charge was made of $12.50. "E—1. Collision or upset. Actual cash value less $50.00." For this item a charge of $28.75 was made, thus making the total premium paid for the policy $41.25. The policy further stipulated that the purposes for which the automobile was to be used were business and pleasure. Appellee denied liability upon the ground that at the time of the collision the car was being used as a public or livery conveyance in contravention of the terms of the policy.

The case was tried by the court without the intervention of a jury and resulted in a judgment denying appellant a recovery for any amount, to which he excepted and perfected an appeal to the Court of Civil Appeals of the Fifth District at Dallas. The case was transferred to this Court by order of the Supreme Court equalizing the dockets of the Courts of Civil Appeals.

Appellant presents and urges two assignments of error in which he contends, first, that the court erred in refusing to apply Articles 4930 and 4931, Revised Civil Statutes 1925, Vernon's Ann.Civ.St. arts. 4930, 4931, and, secondly, in refusing to enter judgment in his favor because of the uncontroverted testimony to the effect that appellee waived the provision of the policy excluding coverages while the insured automobile was being used as a public or livery conveyance.

■ Appellant makes no contention that he was entitled to recover under the strict terms of the policy. Indeed, it is evident that, under the provisions of the policy alone he could not recover because of its plain provision concerning the use of the automobile. No charge was made, and no premium was paid, for insurance upon the automobile while it was being used as a public or livery conveyance and all of the testimony showed it was being so used when the collision occurred. If such coverage had been included in the policy the comprehensive premium covering fire, theft, and windstorm would have been the same, but the premium for the insurance against collision while the automobile was being used as a public or livery conveyance would have been doubled, making the entire premium $70 instead of $41.25. Appellant contends, however, that inasmuch as the policy insured against fire, the provisions of Articles 4930 and 4931, R.C.S., Vernon's Ann. Civ.St.Arts. 4930, 4931, apply because he was a mortgagee and the loss was payable to him as his interest might appear. Article 4930 provides: "No breach or violation by the insured of any warranty, condition or provision of any fire insurance policy, contract of insurance, or application therefor, upon personal property, shall render void the policy or contract, or constitute a defense to a suit for loss thereon, unless such breach or violation contributed to bring about the destruction of the property." Article 4931 provides that the interest of a mortgagee under any fire insurance contract shall not be invalidated by any act or neglect of the mortgagor or owner of the described property or the happening of any condition beyond the mortgagee's control, and that any stipulation in any contract in conflict with it shall be null and void. The opinion of the Supreme Court in Camden Fire Ins. Ass'n v. Harold E. Clayton & Co., 117 Tex. 414, 418, 6 S.W. 2d 1029, should be consulted in connection with this Article as printed in the statute. Both of these statutes have reference only to fire insurance policies and, while it is true the policy here involved insured the automobile against fire, it is also true that it was not destroyed or damaged by fire but by a collision. The policy was so drawn as that numerous items could have been included in it, such as bodily injury liability, property damage liability, and medical payments, but it contained a provision to the effect that it afforded insurance only of the items indicated by a specific premium charge and the only items for which premium charges were made were the comprehensive clause in-

cluding fire, theft, and windstorm, and collision or upset. The legal effect of the contract, therefore, was the same as it would have been if two separate policies had been issued, one against loss by fire and the other against loss by collision. It has been held a number of times that, if the automobile had been destroyed by fire the provisions of Articles 4930 and 4931 would have been applicable, because, being the statutory law of the State, they became a part of the contract and constituted a portion of it the same as they would if they had been written into it. Camden Fire Ins. Ass'n v. Harold E. Clayton & Co., 117 Tex. 414, 6 S.W.2d 1029; Girard Fire & Marine Ins. Co. v. Farmer, Tex.Civ.App., 36 S.W.2d 282; Universal Automobile Ins. Co. v. Morris Finance Corporation, Tex.Civ.App., 16 S.W.2d 360; Commercial Standard Ins. Co. v. First State Bank of Vernon, Tex.Civ. App., 142 S.W.2d 621. Since the automobile was not destroyed by fire, however, but was damaged in a collision, the provisions of the statutes mentioned are not applicable and the court did not err in declining to apply them to the case as made by the pleadings and the evidence. International Indemnity Co. v. Duncan, Tex.Civ. App., 254 S.W. 233; Webber v. Fidelity Lloyds, Tex.Civ.App., 271 S.W. 118; Interstate Fire Ins. Co. v. Sorrells, Tex.Civ.App., 295 S.W. 242; Hartford Fire Ins. Co. v. Owens, Tex.Civ.App., 272 S.W. 611.

The second contention presented by appellant is that appellee waived its right to defend under the clause of the policy providing that it would not apply while the automobile was being used as a public or livery conveyance. That it was being so used at the time of the collision is not disputed. Appellant contends, however, that after the collision, William Reilly, the agent of appellee, informed appellant that the insurance company would deny liability as far as D'Orsay, the insured, was concerned, because at the time of the collision he was using the automobile as a public or livery conveyance, but that the agent requested appellant to recover the automobile and salvage as much of it as possible, thus leading appellant to believe appellee would not deny liability to him. He asserts, and the record shows, that he complied with the suggestion and he contends that appellee thereby waived its rights under the provision mentioned. The testimony shows that Reilly issued the policy and that he also collected the premium. Further than this it is not shown that Reilly had any connection whatever with the transaction nor that he had any authority from appellee to perform any other acts whatever. He was referred to throughout the trial as the "recording agent" of appellee and all of the duties performed by him or that he had any authority to perform, as far as the testimony showed, pertained to the issuance and delivery of the policy and collecting the premium. A recording agent is one to whom authority is given to issue policies of insurance and collect the premium thereon as distinguished from a mere soliciting agent who has authority only to take applications for insurance and forward them to the insurance company. Reynolds v. Pacific Marine Ins. Co. 105 Wash. 666, 178 P. 811; Fillgraf v. First Nat. Ins. Co. of America, 218 Iowa 1335, 256 N.W. 421. Under the testimony, Reilly could not have been more than a recording agent and since by virtue of his office alone, a recording agent does not possess any authority from his principal to make admissions or in any manner affect the latter's liability on a policy of insurance after a loss has occurred, appellee was not bound by the alleged waiver merely because of the acts of its recording agent. Appellant failed to prove any specific authority under which Reilly could legally bind the appellee in a matter happening after the loss occurred and there was, therefore, no error committed by the court in refusing to render judgment in favor of appellant on the theory that appellee had waived the provision of the policy mentioned. Waggoner v. Snody, 98 Tex. 512, 85 S.W. 1134; Carter v. Guaranty State Bank of Woodville, Tex.Civ.App., 262 S.W. 108; Laughlin v. Fidelity Mut. Life Ass'n, 8 Tex.Civ.App. 448, 28 S.W. 411; North American Accident Ins. Co. v. Frazer, Tex.Civ.App., 112 S.W. 812.

We have carefully examined the contentions urged by the appellant and in our opinion none of them reflects error. The judgment of the court below will therefore be affirmed.