

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

April 5, 1950

Hon. J. P. Gibbs
Casualty Insurance Commissioner
Board of Insurance Commissioners
Austin, Texas

Opinion No. V-1033

Re: The applicability of the
seven day waiting per-
iod provided by Section
6 of Article 8306, V.C.S.,
to workmen's compensa-
tion insurance on county
employees.

Dear Sir:

Your request for an opinion reads as follows:

"Controversy has arisen over H.B. 611, 51st Leg-
islature, 1949 (Article 8309-C) which provides for Work-
men's Compensation Insurance for County Employees.

"The point at issue is whether H. B. 611 provides
for a waiting period of seven days before compensation
is payable or whether compensation is payable from the
first day of disability. The general Workmen's Compen-
sation Act, in Article 8306, Section 6, provides that no
compensation shall be paid for an injury which does not
incapacitate the employee for a period of at least one
week. Compensation shall begin to accrue on the eighth
day after the injury.

"H. B. 611, Section 6, adopts certain sections of
Article 8306 and other articles, and provides that these
sections shall govern insofar as applicable under the
provisions of this law. At the head of the list of sections
from Article 8306 is listed 'Section 5, as amended by
Acts, 1927, Fortieth Legislature, Page 84, Chapter 60,
Section 1 . . .' There is an apparent error here, since

Section 5 of Article 8306 was not amended by the Fortieth Legislature. Section 6, of Article 8306 was amended by the Acts of 1927, Fortieth Legislature, Page 84, Chapter 60, Section 1, and no other section is amended at that point.

"House Bill 611, as printed in the House, calls for Section 6, of Article 8306 and the same bill in the Senate also shows Section 6. This bill was amended in the Senate in some minor respects, but none of these amendments recites any change in this part of what was then Section 7, of H. B. 611. One of the amendments eliminates Section 4, of the House Bill and directs that the sections be renumbered. The sections were renumbered and the Secretary of State has the copy of the bill on which the changes were made. The reference to Section 6, of Article 8306 evidently was changed to read 'Section 5' at this time.

"It is significant that the State Highway Department Workmen's Compensation Act (Article 6674-s), the Agricultural and Mechanical College Compensation Act (Article 8309-b) have the same section as the present Section 6 of H.B. 611, and in each case it is Section 6, of Article 8306 which is included, not Section 5 of 8306, which relates to Exemplary Damages.

"The immediate question before the Board of Insurance Commissioners arises because the Workmen's Compensation Insurance carriers contend that H. B. 611 does not provide for the usual seven day waiting period and they have requested increased rates on County Employees Workmen's Compensation Insurance to cover the substantially greater amounts of compensation to be paid if compensation begins to accrue with the first day of incapacity due to injury. If H. B. 611 does embody the same waiting period found in the other similar acts, no increased rates are needed.

"Please advise us as to whether or not, in your

opinion, the seven day waiting period provided in Articles 8306, 6674-c and 8309-b is also a part of H.B. 611 (Article 8309-c)."

We have likewise checked this bill (H.B. 611) in the office of the Secretary of State and find that as of the time when it was originally passed by the House it read as follows:

"Unless otherwise provided herein, Section 6, as amended by Acts, 1927, Fortieth Legislature, page 84, Chapter 60, Section 1; 7; 7b; . . . ." (Emphasis ours throughout remainder of opinion unless otherwise indicated.)

We also find that the said Bill as signed by the Governor, reads:

"Unless otherwise provided herein, Section 5, as amended by Acts, 1927, Fortieth Legislature, page 84, Chapter 60, Sections 1, 7, 7b. . . ."

The committee amendments to this Bill, as you correctly state in your letter, recite no change relative to the above quoted provision. Thus we are squarely confronted with a difference in wording, i.e., "Section 6" becoming "Section 5," after passage by the House and without apparent intent by the Legislature.

It is certainly significant that Article 6674-s, V.C.S., which provides workmen's compensation insurance for Highway Department employees, and Article 8309-b, V.C.S., providing workmen's compensation insurance for employees under Agricultural and Mechanical College Directors, each contains the provision as found in the original version of House Bill 611, as follows:

"Unless otherwise provided herein, Section 6, as amended by Acts 1927, 40th Legislature, page 84, Chapter 60, Section 1, 7; 7b; . . . ."

Section 5, Article 8306 (Acts 1917, p. 269) provides:

"Sec. 5. Nothing in this law shall be taken or held to prohibit the recovery of exemplary damages by the surviving husband, wife, heirs of his or her body, or such of them as there may be of any deceased employe' whose death is occasioned by homicide from the wilful act or omission or gross negligence of any person, firm or corporation from the employer of such employe' at the time of the injury causing the death of the latter. In any suit so brought for exemplary damages the trial shall be de novo, and no presumption shall exist that any award, ruling or finding of the Industrial Accident Board was correct. In any such suit, such award, ruling or finding shall neither be pleaded nor offered in evidence. Id."

The above provides for exemplary damages recoverable by enumerated survivors. It is a fundamental rule of law that the State of Texas is not liable for the torts of its officers and agents. State et al v. Morgan, 140 Tex. 620, 170 S. W.2d 652 (1943); Texas Highway Department v. Weber, 147 Tex. 628, 219 S.W.2d 70 (1949). State v. Elliott, 212 S.W. 695 (Tex. Civ. App. 1919, error ref.); Matkin v. State, 123 S.W.2d 953 (Tex. Civ. App. 1939, error dism. judgm. cor.); Welch v. State, 148 S.W.2d 876 (Tex. Civ. App. 1941, error ref.).. The same rule has been applied to counties. 11 Tex. Jur. 627, Sec. 92; Bryan v. Liberty County, 299 S.W. 303 (Tex. Civ. App. 1927); Braissaird v. Webb County, 128 S.W.2d 475 (Tex. Civ. App. 1939). Section 5 of Article 8306 does not give anyone a cause of action but merely states that recovery of exemplary damages is not prohibited under the Workmen's Compensation Act. Since an employee has no cause of action against the State in the first instance, he could not recover exemplary damages for the wilful or malicious acts or gross negligence of other State employees. The inclusion of Section 5 of Article 8306 would be a meaningless act on the part of the Legislature unless its implications are far beyond the evident intent merely to establish a conventional workmen's compensation system for county employees.

Section 6, Article 8306 (as amended by Acts 40th Leg., 1927, ch. 60, p. 84, Sec. 1) provides:

"No compensation shall be paid under this law for

an injury which does not incapacitate the employe' for
a period of at least one week from earning full wages,
but if incapacity extends beyond one week compensation
shall begin to accrue on the eighth day after the injury.
The medical aid, hospital services, and medicines, as
provided for in Section 7 hereof, shall be supplied as
and when needed and according to the terms and pro-
visions of said Section 7. If incapacity does not follow
at once after the infliction of the injury or within eight
days thereof but does result subsequently, compensa-
tion shall begin to accrue with the eighth day after the
day incapacity commenced. In any event the employe'
shall be entitled to the medical aid, hospital service
and medicines provided in this law. Provided further,
that if such incapacity continues for four (4) weeks or
longer, compensation shall be computed from the in-
ception date of such incapacity."

Conclusive indication of the legislative intent to adopt
Section 6 instead of Section 5 is that the Bill, from its inception un-
til signed by the Governor, makes the following reference:

". . . . as amended by Acts, 1927, Fortieth Leg-
islature, page 84, Chapter 60, Sections 1, . . . ."

As seen above, this reference is descriptive of Section 6. Clearly,
such reference could not apply to Section 5 of Article 8306 because
Section 5 was not in fact so amended. If Section 5 of Article 8306
is included, that reference is meaningless. On the other hand, it
appears obvious that the Legislature intended to incorporate Section
6 of Article 8306 as part of Article 8309c, just as it had done on
two prior occasions, i.e., Article 6674s, the State Highway Depart-
ment Workmen's Compensation Act, and Article 8309b, the A & M
College Workmen's Compensation Act.

Obvious mistakes in the language of an Act should be con-
strued by the court to make sense where otherwise the Act would
do a thing useless and meaningless. Chambers v. State, 25 Tex.
307 (1860). The Supreme Court of Texas in Wood v. State, 133
Tex. 110, 126 S.W. 2d 4 (1939), held that the words, "is absent"

as used in Article 2956, V.C.S., should read "expects to be absent," stating that "statutes should be construed so as to carry out legislative intent, and when such intent is ascertained it should be given effect even though literal meaning of words used in statute is not followed."

In Loving County v. Reeves County, 126 S.W. 2d 87 (Tex. Civ. App. 1939, error ref.) the court made a correction in an incorrect statutory reference: "The reference in Article 7238 to Article 7235 is apparently an error in revision or codification, as suggested by defendant, and the reference, we think should be to Article 7228, to give the intended meaning." In 39 Tex. Jur. 186, we find the following language: "an incorrect reference in an amendatory statute, to an act or section amended may be disregarded where the clear intent of the Legislature was to amend another act or section," citing Cernoch v. Colorado County, 48 S. W. 2d 470 (Tex. Civ. App. 1932), wherein the court construed the reference "6894 and 6895" of Title 119, Revised Statutes of 1911, to read "6984 and 6985."

Again, in Camden Fire Insurance Association v. Harold E. Clayton & Co., 117 Tex. 414, 6 S.W. 2d 1029 (1928) the Supreme Court, speaking through Chief Justice Cureton, construed the language "shall not be invalidated by any act of neglect of the mortgagee or owner" as found in Article 4931 to read "shall not be invalidated by any act or neglect of the mortgagor or owner." The court reasoned that the terms of the statute involved are so plain that there can be no doubt whatever that its purpose was to protect the holder of the mortgage, to whom the policy was made payable under the loss payable clause, from 'any act or neglect of the mortgagor.' "

Therefore, since the Legislature specifically described Section 6 by the quoted reference, and on two prior occasions similar Acts of the Legislature included Section 6, and not Section 5, and nothing in the Act indicated an intention to impose exemplary damages on the State, and because statutes should be construed in a manner to carry out the legislative intent, it is our opinion that the provisions of Section 6 of Article 8306 were enacted into Article 8309c.

## SUMMARY

The seven day waiting period provided for in Section 6 of Article 8306, V. C. S., is also a part of Article 8309c, V. C. S., setting up a workmen's compensation system for county employees.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

Ned McDaniel
State Affairs Division

Charles D. Mathews
Executive Assistant

VFT:mf

By *V. F. Taylor*
V. F. Taylor
Assistant