**U. S. TRUST & GUARANTY COMPANY, Appellant,**

v.

**WEST TEXAS STATE BANK OF SNYDER, TEXAS, Appellee.**

**No. 3111.**

Court of Civil Appeals of Texas.

Eastland.

Oct. 22, 1954.

Rehearing Denied Nov. 19, 1954.

Phenix & Bistany, Waco, for appellant.

Gene Dulaney, Park & Hemphill, Snyder, for appellee.

GRISSOM, Chief Justice.

The Bank made a loan to Ratliff which was secured by a mortgage on his automobile. The insurance company issued a policy covering damages caused by accidents which occur "while the automobile is within the United States of America, its Territories or Possessions, Canada or Newfoundland," with an endorsement, made a part of the policy, which provided that "loss or damage, if any, under the policy shall be payable as interest may appear" to said Bank. Ratliff's automobile was damaged in Mexico and the Bank obtained a judgment against the insurance company for its loss. The insurance company has appealed.

The insurance company contends that damage to the automobile suffered in Mexico is not within the coverage of the policy. Section 8 of the insuring agreement of said policy provides:

"*This policy applies only to accidents which occur* and to direct and accidental losses to the automobile which are sustained during the policy period, *while the automobile is within the United States of America,* its Territories or Possessions, Canada or New-foundland or is being transported between ports thereof, and is owned, maintained and used for the purposes stated as applicable thereto in the declarations." (Italics ours).

By endorsement, the policy contained the following provision:

"This endorsement forms a part of Policy—issued to H. L. Ratliff by U. S. Trust & Guaranty Company—loss or damage, if any, under the policy shall be payable as interest may appear to West Texas State Bank—and this insurance, as to the interest of the —mortgagee—shall not be invalidated by any act or neglect of mortgagor—nor by any change in the title or ownership of the property."

Appellee contends that the purpose of the endorsement was to protect the mortgagee Bank from the act of the mortgagor in taking the automobile into Mexico. The Bank says that said endorsement makes a new and independent contract between it and the insurer and its validity is dependent solely on the acts of the mortgagee, unaffected by any act or neglect of the mortgagor in violation of the "conditions" of the policy. It cites as authority therefor, among others, Camden Fire Ins. Ass'n v. Harold E. Clayton & Co., 117 Tex. 414, 6 S.W.2d 1029. We think said endorsement does not grant additional coverage under the policy to anyone and that the unambiguous provision that the policy covers only accidents which occur "while the automobile is within the United States of America, its Territories or Possessions, Canada or Newfoundland—" excludes coverage of accidents which occur outside said territorial limits. Therefore, there was no coverage of the accident which occurred in Mexico.

In Firemen's Ins. Co. v. Alonzo, 112 Tex. 283, 246 S.W. 82, the policy covered the insured property only while it was located in a certain storage warehouse. It was held that the policy did not cover loss of said property while it was in another building, although the other building was a less hazardous risk than the building described in

the policy. The Supreme Court held that Article 4874a, R.S.1914, which provided that no breach of warranty or condition by insured should avoid the policy unless it contributed to bring about destruction of the property did not affect liability under the terms of the policy which covered the property only while it was located in a designated building.

In British-America Assurance Co. v. Miller, 91 Tex. 414, 420, 44 S.W. 60, 62, 39 L.R.A. 545, the insurance company issued a policy to a district judge who resided in Wichita Falls covering trunks, wearing apparel, etc., while located in his residence there. The insurance company knew Judge Miller traveled over a district and would use said property in other places than his residence. The insured property was destroyed in a house where the judge was boarding in Henrietta, while holding court there. The Supreme Court, in an opinion by Judge Brown said:

"However, in this policy, the insurance company so definitely and unequivocally expresses a contract by which it is not bound for the loss of the property when absent from the named place that there is no room for construction. The protection afforded by the policy is expressly limited to the time that the subject of insurance shall be contained in the house described, and whenever it was taken therefrom it was removed beyond the protection of the contract. Green v. [Liverpool & London & Globe] Insurance Co., 91 Iowa 615, 60 N.W. 189; Mawhinney v. [Southern] Ins. Co., 98 Cal. 184, 32 P. 945 [20 L.R.A. 87]; Haws v. [St. Paul Fire & Marine] Insurance Co. [130 Pa. 113], 15 A. 915, [18 A. 621, 2 L.R.A. 52]. The policy was not forfeited by the removal, but remained in force, and covered the property when returned to the residence in Wichita Falls; hence the rule that demands a construction which would prevent a forfeiture has no application. The insurance company, knowing that the class of property embraced in the policy was liable to be removed to other places, provided against liability for it when located at such other points by the express and plain limitations. The appellee likewise knew that in the ordinary use of the property embraced in the contract of insurance it would be carried to other places than his residence in Wichita Falls, whereby it would be voluntarily withdrawn from the protection afforded by the contract of insurance, and, if he desired to have it protected while using it away from home, he could have made a contract expressing such liability on the part of the insurance company."

We think the following authorities also compel our conclusion that the policy did not cover the automobile while it was in Mexico. Southern Underwriters v. Williams Lumber Co., Tex.Civ.App., 38 S.W.2d 177, 180; United States Fire Ins. Co. of New York v. Rothwell, Tex.Com.App., 60 S.W.2d 759; American Indemnity Co. v. Jagoe, Tex.Civ.App., 73 S.W.2d 574 (Writ Ref.); American Indemnity Co. v. Townsend, Tex.Civ.App., 154 S.W.2d 909; Salitrero v. Maryland Casualty Co., Tex.Civ. App., 109 S.W.2d 260 (Writ Ref.); Sleeper v. Massachusetts Bonding & Insurance Co., 283 Mass. 511, 186 N.E. 778, 45 C.J.S., Insurance, §§ 807, 834, pp. 860 and 910.

We recognize that the clause making the loss payable to the mortgagee regardless of any act or neglect of the mortgagor, permits the mortgagee's recovery despite any violation of a "condition" by the mortgagor unknown to the mortgagee. Camden Fire Ins. Ass'n v. Harold E. Clayton & Co., 117 Tex. 414, 6 S.W.2d 1029. The question here is not relative to such a matter. The question is whether the accident that damaged the automobile was covered by the policy. The plain, unambiguous language of the policy compels the conclusion that while the automobile was without the territory covered by the policy there was no coverage under the policy. This was not a condition, the breaking of which by the mortgagee was, according to the contract, not to affect the rights of the innocent mortgagee. The policy simply pro-

vided there was no insurance while the car was without the territory stated. Partridge v. Portsmouth, 86 N.H. 594, 163 A. 713; Wyche v. Trinity Universal Ins. Co., Tex.Civ.App., 198 S.W.2d 158. See also Coyle v. Palatine Ins. Co., Limited, Tex. Com.App., 222 S.W. 973, 975; Northwestern Nat. Ins. Co. v. Alamo Lumber Co., Tex.Civ.App., 78 S.W.2d 701. Damage to the automobile was covered by the policy "only * * * while the automobile (was) within the United States of America, its Territories, Possessions, Canada or Newfoundland * * *." Since the Bank's claim is for damage to the automobile suffered outside of said territory it was not covered by the policy.

The judgment is reversed and judgment rendered for appellant.