**SOUTHERN INSURANCE COMPANY, Appellant,**

v.

**FEDERAL SERVICE FINANCE CORPORATION OF TEXAS et al., Appellees.**

**No. 11116.**

Court of Civil Appeals of Texas.

Austin.

July 10, 1963.

Rehearing Denied Aug. 1, 1963.

**26**

Sneed & Vine, J. P. Darrouzet, Austin, for appellant.

Johnson & Baker, Victor B. Rogers, Robert A. Rowland, Austin, for appellees.

PHILLIPS, Justice.

This case involves an appeal from two summary judgments granted against Southern Insurance Company.

The case presents a situation where one Gosztyla wrecked a car insured by Southern Insurance Company for $500 and subject to a lien in favor of Federal Service Finance Corporation of Texas for $632.52. Federal is named as loss payee in the policy issued by Southern Insurance Company. The car was a total wreck and Southern Insurance Company, allegedly under the provisions of the contract of insurance, authorized Simmons Motor Company to replace the wrecked car for another car for which Southern Insurance Company would advance $500 in payment.

Both Federal Service Finance Corporation and Simmons Motor Company claim the $500 due from Southern Insurance Company.

Southern Insurance Company filed an action in the County Court at Law of Travis County which it entitled a bill of interpleader alleging that it is indebted to Federal Service Finance Corporation and Simmons Motor Company in the sum of $500 and has issued to these parties its draft for said sum which was tendered into the registry of the court for its final disposition and judgment. Southern Insurance Company also asked for attorney's fees.

Simmons Motor Company answered and filed a cross-action against Federal Service Finance Corporation of Texas alleging that at the request of Southern Insurance Company it had delivered to Gosztyla an automobile in replacement of the wrecked car, described above, under the terms and provisions of the above described policy of insurance, that subsequent to the delivery of the replacement automobile to Gosztyla, Simmons furnished Federal Service Finance Corporation of Texas certificate of title to the replaced vehicle and all of the necessary papers incident thereto, that Federal Service Finance Corporation refused to deliver to Simmons Motor Company the Insurance Company draft in payment of the automobile used in replacement. Then Simmons Motor Company prays judgment of the court for the deposit made therein by Southern Insurance Company, for costs and for attorney's fees.

Federal Service Finance Corporation filed an answer excepting to the cross-action of Simmons Motor Company stating that Federal had never agreed for the substitution of collateral for the payment of an obligation due it and prayed that the cross-action be dismissed.

In their answer and cross-action Federal Service Finance Corporation further alleged that in February, 1962 it had financed the purchase of an automobile, describing the model, motor number and the amount of the monthly payments due. That the car was wrecked and no payment has been made to Federal by Southern Insurance Company and that there is still unpaid on Gosztyla's obligation the sum of $632.52 which Southern is obligated to pay and which Federal has demanded.

Thereafter, both Federal Service Finance Corporation and Simmons Motor Company filed motions for summary judgment. Federal asked that it be awarded the $500 as proceeds of the insurance policy wherein it was the beneficiary as mortgagee of Gosztyla, that while Simmons Motor Company claims the $500 in payment of an automobile sold to Gosztyla, Federal did not agree to such substitution, has demanded that payment be made to them and contends that as a matter of law it is entitled to such payment.

Simmons Motor Company in its motion for summary judgment, alleges that at the special insistence and request of Southern Insurance Company it sold and delivered to said Southern Insurance Company a certain car, stating make, model, year and motor number, together with copies of certain certificates of title (attached to the motion and marked as exhibit "A") transferring the car to Gosztyla. That the vehicle so delivered was in replacement of the abovementioned wrecked car on which Southern Insurance Company had a policy of insurance. Then Simmons prays for the $500 plus costs and attorney's fees.

The court granted both Federal's and Simmons' motions for summary judgment and rendered judgment that each recover $500 from Southern Insurance Company.

Appellant Southern Insurance Company assigns error to the summary judgments granted both Federal and Simmons asserting that both judgments were contrary to

Rule 166–A, Texas Rules of Civil Procedure, in that appellees' pleadings taken as a whole do not show the absence of a fact situation in that attorney's fees are sought and further that the pleadings of each appellee in itself is insufficient to support a summary judgment.

■ Under the view we take of this case, Simmons' claim against Southern for the price of the car substituted and Federal's claim against Southern as beneficiary under the contract of insurance create two separate and distinct contracts and the cases could have been severed before trial. Rule 41, T.R.C.P. The rights of Simmons under its contract with Southern had no bearing on Federal's rights under the insurance contract, however, the trial court in awarding two separate judgments to Federal and to Simmons effected a constructive severance of the case. Warner Electric Brake & Clutch Co. v. Bessemer Forging Co., Tex.Civ.App., 343 S.W.2d 471, no writ hist.

■ Further, we hold that Southern Insurance Company was not entitled to bring a suit in interpleader in view of the two separate and distinct contracts that were presented to the court for determination. In Davis v. East Texas Savings & Loan Association, Tex., 354 S.W.2d 926, the Supreme Court stated the rule as follows: "An interpleader suit is authorized by Rule 43, Texas Rules of Civil Procedure, only when persons having claims against the plaintiff are such that he 'is or may be exposed to double or multiple liability.' The claims 'must be such as to place the stakeholder in some real doubt or hazard to entitle him to the remedy of interpleader,' Nixon v. Malone, 100 Tex. 250, 98 S.W. 380, 385, 99 S.W. 403, and the doubt must at least be a reasonable one." (citing cases).

■ We hold that Southern's sole liability for the $500 in question was to Simmons Motor Company as the contract of insurance and the rider designating Federal as mortgagee payee under the policy

clearly provides for a substitution of collateral.

■ Inasmuch as Southern's suit in interpleader should have been disallowed, Southern was not entitled to attorney's fees. Orem v. Farmer's National Bank in Brenham, Tex.Civ.App., 325 S.W.2d 149, writ ref., n. r. e.

■ With respect to Simmons Motor Company's pleadings, appellant Southern maintains that they do not support the judgment for Simmons, the relief granted is not the relief prayed for, that they present a fact issue, that there was no affidavit to support the motion. We overrule these assignments of error.

The question as to the sufficiency of Simmons' pleadings is covered by Rules 47 and 48, T.R.C.P.

Rule 47 provides:

"A pleading which sets forth a claim for relief, whether an original petition, counterclaim, cross-claim, or third party claim, shall contain

"(a) a short statement of the cause of action sufficient to give fair notice of the claim involved, and

"(b) a demand for judgment for the relief to which the party deems himself entitled.

"Relief in the alternative or of several different types may be demanded."

Rule 48, T.R.C.P. provides, in part, as follows:

"A party may also state as many separate claims or defenses as he has regardless of consistency and whether based upon legal or equitable grounds or both."

Simmons' original pleading in this case alleges the following: That at the request of Southern Insurance Company, Simmons delivered a 1957 Plymouth automobile, motor number 16193749 to Anthony L. Gosztyla. That this vehicle was delivered to Anthony L. Gosztyla as a replacement for a 1958 Plymouth automobile, motor number LP2E73328, which had been totally wrecked by Gosztyla. That Simmons replaced this vehicle at the request of Southern Insurance Company under the terms and provisions of their policy of insurance which had previously been issued covering the loss sustained by Anthony L. Gosztyla. That Simmons prayed judgment of the deposit made into court and such other and further relief, legal and special, general and equitable which Simmons may be entitled to receive.

The original pleadings of Southern Insurance Company allege in part that: Southern was indebted to the defendants Simmons or Federal in the amount of $500. That it had issued to said defendants its draft for $500 to cover a loss sustained under its policy number A690580.

■ Simmons' pleading does not state a demand in dollars and cents, however, it specifically prayed for the draft that was deposited into court by Southern which was for $500. In passing on the sufficiency of a pleading, all allegations in the adversary's pleading may be considered and any omission in the pleading is cured when the omission is supplied by the opponent's pleading. DeBusk v. Quest, Tex.Civ.App., 290 S.W.2d 569, writ dismissed.

■ Rule 166–A, T.R.C.P., provides in part:

"A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the adverse party has appeared or answered, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to amount of damages."

We hold that the summary judgment in favor of Simmons Motor Company was correct.

In Gulbenkian v. Penn., 151 Tex. 412, 252 S.W.2d 929, 931, the court stated the rule applicable: "The duty of the court hearing the motion for summary judgment is to determine [whether] there are any issues of fact to be tried * * *."

There are no material facts in dispute between Simmons Motor Company and Southern Insurance Company which would deny Simmons the relief granted. The fact that Simmons substituted a car for Southern's insured at Southern's behest is uncontroverted. It is also uncontroverted that the value of the car was $500 and in fact Southern tendered $500 into court.

Appellant Southern contends that in Simmons' original pleading it alleges a sale to Gosztyla while in the motion for summary judgment Simmons alleges it sold the car to Southern and delivered it along with certificate of title to Gosztyla. This would not render the judgment invalid as under the facts pleaded, Southern's liability is the same.

■ Appellant Southern Insurance Company contends that the sale of the car was not carried out in accordance with Article 1436–1, Penal Code, regulating the sale of automobiles, however, appellant has failed to point out to this Court in what respect said Article has not been complied with. We have examined Art. 1436–1 and cannot see what bearing it has on the sale in this case.

■ As stated above, we hold that the plain provisions of the contract of insurance issued by Southern Insurance Company under "Conditions" provides that:

"9. The company may pay for the loss in money, or may repair or replace the damaged or stolen property * * *."

The loss payable clause is standard and is executed in favor of Federal Service Finance Corporation as its interests might appear. This loss payable clause further provides:

"Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or limitations of such policy other than as above stated."

We have not been cited to a case wherein the exact fact situation that we have here has been ruled on, neither have we been able to find one, however, a case involving the interpretation of an automobile collision insurance policy and the rights of the mortgagee protected by a loss payable clause such as we have in the case at bar is U. S. Trust & Guaranty Co. v. West Texas State Bank, 272 S.W.2d 627, 628, writ dismissed. In this case the court denied the mortgagee recovery under the loss payable clause of an automobile policy which limited coverage to collisions occurring while the automobile was within the United States of America for damage sustained while the owner was driving in Mexico. The court held:

"We think said endorsement does not grant additional coverage under the policy to anyone and that the unambiguous provision that the policy covers only accidents which occur 'while the automobile is within the United States of America, * * *' excludes coverage of accidents which occur outside said territorial limits. Therefore, there was no coverage of the accident which occurred in Mexico.

* * * * * *

"The plain, unambiguous language of the policy compels the conclusion that while the automobile was without the territory covered by the policy there was no coverage under the policy. * * The policy simply provided there was no insurance while the car was without the territory stated." (citing cases).

Also see Wyche v. Trinity Universal Insurance Company, Tex.Civ.App., 198 S. W.2d 158, no writ history.

The plain unambiguous language of Southern Insurance Company's contract allows them to replace the damaged property.

■ The general rule is that where the written contract is clear and certain it will be taken to express the will of the parties, and that it is not proper to look elsewhere for their intention. Milliken v. Callahan County, 69 Tex. 205, 6 S.W. 681.

■ Federal Finance contends that the loss payable clause operates as a separate contract between the insurer and the mortgagee and upon the occurrence of the condition in the policy, the rights of the mortgagee under the endorsement are vested and nothing which the insurer does or which the mortgagor does after the occurrence of the loss can affect the vested rights of the mortgagee.

We overrule this contention as the endorsement clause to the mortgagee (Federal Finance) is part of the contract which includes the original policy as the provisions of the endorsement provide. Veal v. Thomason, 138 Tex. 341, 159 S.W.2d 472.

■ Federal Service Finance cite McCullough v. Zero Plate Co. Inc., Tex. Civ.App., 269 S.W.2d 830 for the proposition that where the mortgagor agrees to insure the mortgaged property for the benefit of the mortgagee the mortgagee has an equitable lien on the proceeds of the insurance policy to the extent of debt secured by the mortgage. We hold that Federal is correct in this contention. Here the proceeds of the policy was another car upon which Federal has such a lien except as such lien would contravene the certificate of Title Act, Art. 1436–1, Sec. 42, Vernon's Ann. Penal Code with respect to sale of the car to a third party.

It is our opinion that the pleadings in this case disclose that Federal has apparently lost its lien which it was entitled to have transferred to the substituted collateral. We are unable to determine that the loss of such lien was attributable to the negligence or fault of Southern or that it is not attributable to Southern. It is our opinion that, in the interest of justice, we should remand, rather than render judgment, in order that Federal may prove, if it is able, that the loss of its lien was caused by Southern, this theory of the case not having been developed in the summary proceedings.

We affirm the summary judgment rendered for Simmons Motor Company and reverse the summary judgment granted Federal against Southern and remand this portion of the case for trial in accordance with this opinion.

All costs in this behalf expended are assessed one half against Southern Insurance Company and one half against Federal Service Finance Corporation.

Affirmed in part and reversed and remanded in part.