ÆTNA INS. CO. v. WACO CO. (No. 5658.)

(Court of Civil Appeals of Texas. Austin. Oct. 11, 1916.)

1. INSURANCE ☞336(6)—POLICY—CONSTRUCTION—FORFEITURE.

A provision in a policy that it should be void, in the absence of agreement, if insured procured other insurance on the property covered, was not nullified by a concurrent insurance clause which did not provide for forfeiture for its violation, since both clauses should be construed together.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 871; Dec. Dig. ☞336(6).]

2. CONSTITUTIONAL LAW ⬬⟹276—DEPRIVING OF RIGHT OF CONTRACT—"DUE PROCESS OF LAW."

Acts 33d Leg. c. 105 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 4874a, 4874b), being "An act to prevent fire insurance companies from avoiding liability for loss to personal property under technical provisions of the policy," providing that no breach by the insured of any of the provisions of any fire policy shall render void the policy or constitute a defense to a suit for loss thereon, unless such breach contributed to bring about the destruction of the property, does not violate the Constitution of Texas, and of the United States by depriving an insurance company of the right of contract and taking its property without "due process of law."

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 845, 846; Dec. Dig. ⬬⟹276.

For other definitions, see Words and Phrases, First and Second Series, Due Process of Law.]

3. INSURANCE ⬬⟹302 — FIRE INSURANCE — "TECHNICAL" BREACH OF POLICY—STATUTE—"IMMATERIAL."

Acts 33d Leg. c. 105 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 4874a, 4874b), entitled "An act to prevent fire insurance companies from avoiding liability for loss and damage to personal property under technical and immaterial provisions of the policy," where the breaching thereof has not contributed to bring about the loss, is constitutional; the word "technical," as used in the caption, being synonymous with immaterial, so that the effect of the act is to declare as a matter of law all restrictive provisions in an insurance policy on personal property immaterial, unless they have contributed to bring about the destruction of the property.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. ⬬⟹302.

For other definitions, see Words and Phrases, First and Second Series, Immaterial; Technical.]

4. STATUTES ⬬⟹116 — TITLE — CONSTITUTIONALITY.

Acts 33d Leg. c. 105 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 4874a, 4874b), entitled "An act to prevent fire insurance companies from avoiding liability for loss and damage to personal property under technical and immaterial provisions of the policy or contract of insurance where the act breaching such provision has not contributed to bring about the loss," providing that no breach by the insured of any of the provisions of any fire insurance policy upon personalty shall render void the policy or constitute a defense to a suit for loss thereon, unless such breach contributed to bring about the destruction of the property, does not violate the constitutional provision (Const. art. 3, § 35), that no bill shall contain more than one subject expressed in its title, although construed to render inoperative as a "technical" and immaterial provision, a policy provision forfeiting the policy for taking out additional insurance; such construction not giving the act a broader meaning or scope than its caption or title.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 152–154; Dec. Dig. ⬬⟹116.]

Error from District Court, McLennan County; Tom L. McCullough, Judge.

Action by Levy & Rosen against the Ætna Insurance Company, in which the Waco Company intervened. Judgment for intervener and defendant brings error. Affirmed.

Thompson, Knight, Baker & Harris, Will C. Thompson, and Geo. S. Wright, all of Dallas, for plaintiff in error. W. L. Eason, of Waco, for defendant in error.

### Findings of Fact.

JENKINS, J. On August 12, 1914, the plaintiff in error issued to Levy & Rosen an insurance policy for $1,000, which limited the concurrent insurance allowed to $6,000. The insured then had, including this policy, $6,000 insurance on said property. On September ———, 1914, the insured procured $2,000 additional insurance on said property. On September 16, 1914, the property was partially destroyed by fire; the loss being $6,736.97. Levy & Rosen filed suit to recover of plaintiff in error one-eighth of this amount; the total insurance being $8,000, and the policy herein sued on being for $1,000. The plaintiff in error pleaded in bar a violation of the contract by obtaining additional insurance. Plaintiffs rejoined that the agreement not to obtain additional insurance was a technical and immaterial provision of the contract, and that the violation of the same constituted no bar to recovery. The Waco Company intervened, alleging that the policy sued on had been assigned to it, and adopted the pleadings of plaintiff. Judgment was rendered for interveners as prayed for, from which appeal has been duly perfected.

### Opinion.

[1] We do not agree with the contention of defendants in error that the action of the court in not allowing the evidence offered by plaintiff in error to the effect that the policy had been violated by securing the additional insurance without the knowledge or consent of plaintiff in error was not erroneous, for the reason that it appeared from the answer herein that such additional insurance had been obtained and that the policy did not provide for forfeiture by reason of such additional insurance, in that the forfeiture clause reads as follows:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contracts of insurance, whether valid or not, on property covered in whole or in part by this policy."

And that this provision was nullified by the concurrent insurance clause which did not provide for forfeiture for its violation, and which reads as follows:

"Total concurrent insurance permitted, including this policy $6,000, as follows: $6,000 on stock and furniture and fixtures. It is understood and agreed that no other insurance is permitted unless the total amount allowed, including this policy, is entered in blank space in paragraph next above."

These two clauses should be construed together, so as to give effect to both; and, so construed, they mean that no additional in-

surance shall be allowed except enough ·to make $6,000 concurrent insurance and any additional amount shall forfeit the contract for the $1,000 for which this policy is written.

We think that the testimony offered by plaintiffs in error with reference to the additional insurance, as shown by its bill of exception, was material and was sufficient to defeat the plaintiff's and intervener's 'cause of action, if the act of the Thirty-Third Legislature (chapter 105, p. 194) is unconstitutional; as contended by plaintiffs in error, which contention was overruled by the trial court. The constitutionality of said act is here presented by plaintiff in error under a proper bill of exceptions and assignment of error.

Plaintiff in error in its assignments of error contends that said act is unconstitutional:

"First. That the subject contained in the body of the act is not expressed in the caption, as required by section 35, art. 3, of the Constitution of the state of Texas.

"Second. Because said act deprives the defendant of the right of contract, and is taking his property without due process of law under the Constitution of Texas and of the United States.

"Third. And, further, that if said law has any validity, it can have no broader meaning or scope than its caption or title, which means that said law only applies to technical and immaterial provisions, and the provision of the policy forbidding additional insurance is a material and nontechnical provision of said policy as a matter of law, or in any event, the question of the material and nontechnical nature was a question of fact for the jury."

[2] We do not think that there is any force in the second reason assigned for the unconstitutionality of the act above stated. While it is the duty of a court to declare a law unconstitutional in a proper case, this should never be done except in a clear case. It has been said by highest authority that courts "should never declare a statute void unless its invalidity is, in their judgment, beyond reasonable doubt." See 6 R. C. L. p. 75, and authorities there cited.

[3] The constitutionality of this act was upheld by the Galveston Court of Civil Appeals in the case of Insurance Co. v. Finegold, 183 S. W. 833. We concur in that decision, to which reference is here made for a statement of the constitutional provision relied on and the 'act, including its caption. We think that the word "technical," as used in the caption, is synonymous with immaterial, and that the effect of the act is to declare, as a matter of law, all restrictive provisions in an insurance policy on personal property immaterial, unless they have contributed to bring about the destruction of the property.

[4] The relation of the caption to the body of an act has been so often and so learnedly considered that we do not feel that we could add anything to the discussion; and therefore we will not undertake to review the numerous cases on this subject cited by the learned counsel for plaintiffs in error. Suffice it to say that, after carefully reading the same, we do not think that they are applicable to the case at bar, or, at least, the application of the principles of law therein declared do not require us to hold the act under consideration unconstitutional.

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.