## ÆTNA INS. CO. v. WACO CO.
### (No. 140-3061.)

(Commission of Appeals of Texas, Section B.
May 26, 1920.)

1. Insurance ⚖➾308—Statute, making breach of immaterial provision of fire policy no defense, held inapplicable to provisions material to the risk.

Acts 33d Leg. (1913) c. 105 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 4874a, 4874b), providing that a breach of an immaterial provision of fire policy shall not invalidate policy or constitute a defense to a suit for loss thereon unless it contributed to bring about the destruction of the property, held not applicable to a breach of those provisions which are material to the risk, but a violation of which could not, from their very nature, contribute to bring about the destruction of the property.

2. Insurance ⚖➾336(6)—Additional insurance in excess of that allowed held a good defense.

The taking out of additional insurance in excess of that allowed under a concurrent insurance clause, in violation of provision of fire policy making policy void if insured procured other insurance on the property covered by the policy, held a good defense in action on the policy, notwithstanding Acts 33d Leg. (1913) c. 105 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 4874a, 4874b), making breach of an immaterial provision of policy not contributing to bring about the destruction of the property no defense in action on policy, such statute having no application to breach of such provision of policy; it being material to the risk.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Action by Levy & Rosen against the Ætna Insurance Company, in which the Waco Company intervened. Judgment for intervener was affirmed by Court of Civil Appeals (189 S. W. 315), and defendant brings error. Reversed and remanded.

Thompson, Knight, Baker & Harris, of Dallas, for plaintiff in error.

W. L. Eason, of Waco, for defendant in error.

McCLENDON, J. This case is ruled by the decisions in McPherson v. Camden Fire Insurance Co., 222 S. W. 211, and Providence Washington Insurance Co. v. Levy & Rosen, 222 S. W. 216, decided by Section A of the Commission of Appeals. The questions involved are the constitutionality of chapter 105 of the Thirty-Third Legislature (Vernon's Sayles' Ann. Civ. St. 1914, arts. 4874a, 4874b), and the applicability of said act to the defense relied on to defeat the insurance policy sued on, namely, that the insured had taken out additional insurance in excess of that allowed under a concurrent insurance clause, in violation of a provision of the policy reading as follows:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure, any other contract of insurance, whether valid or not, on the property covered, in whole or in part, by this policy."

The Court of Civil Appeals, Third District, held the act constitutional, and construed it as rendering void the provision quoted. 189 S. W. 315.

[1] In the opinion in the Camden Fire Insurance Company Case above, the act in question is held to be constitutional, and is construed as having no application to a breach of those provisions of a policy which are material to the risk, but a violation of which could not, from their very nature, contribute to bring about the destruction of the property. The opinion in that case represents the mature judgment of all the judges of both sections of the Commission.

[2] The defense relied upon in this case is identical with that relied upon in the Levy & Rosen Case above. The clause of the policy relied upon is material to the risk, and it is not of a class embraced within the act invoked. The questions arise in this case upon the exclusion by the trial court of testimony offered to substantiate the defense.

We conclude that the judgments of the Court of Civil Appeals and district court should be reversed, and the cause remanded to the latter court for a new trial.

PHILLIPS, C. J. We approve the judgment recommended in this case, and the holding of the Commission on the question discussed.