## COMMERCIAL STANDARD INS. CO. v. FIRST STATE BANK OF VERNON et al.

### No. 5169.

Court of Civil Appeals of Texas. Amarillo.

June 3, 1940.

Rehearing Denied July 1, 1940.

Ned McDaniel and Edwin Luecke, both of Wichita Falls, for appellant.

Berry, Warlick & Bunnenberg and Storey, Storey & Donaghey, all of Vernon, for appellees.

JACKSON, Chief Justice.

The record shows that on June 9, 1938 A. H. Smith executed his promissory note for the sum of $351, payable to the First State Bank of Vernon, Texas, or order in twelve equal monthly installments of $29.25 each, and of even date therewith executed a chattel mortgage on a 1937 Ford V–8 truck to secure the payment of the note. On September 19, 1938 the Commercial Standard Insurance Company in consideration of the payment of a premium of $30.15 issued and delivered to A. H. Smith its policy on the truck insuring him against loss by fire in the sum of $350 for the period of one year and providing that any loss on the truck should be payable to the First State Bank as its interest might appear. Smith paid the monthly installment of $29.25 due on July 9th and August 9th, respectively, but thereafter defaulted and made no other payments.

On February 23, 1939 the First State Bank of Vernon, hereinafter called the bank, instituted this suit in the County Court of Wilbarger County against A. H. Smith, hereinafter called the insured, on the note for $351 and to foreclose the chattel mortgage on the truck, and against the Commercial Standard Insurance Company, hereinafter called the insurer, to recover as mortgagee under the loss payable clause in the policy the sum of $350.

The bank alleged the ownership of the truck in the insured, the note, the mortgage, the two payments, the default, the issuance of the policy by the insurer, the loss payable clause in its behalf contained therein; that the bank and insured had duly performed all of the conditions required of them or either of them by the terms of the policy; that on September 23, 1938 the truck was totally destroyed by fire; that notice and proof of loss had been given, demand for payment made, the refusal to pay, and sought judgment against the insurer and the insured jointly and severally for the sum of $350 and costs.

The insured answered by general demurrer, special exceptions, general denial and adopted as his answer the allegations in the bank's petition.

The insurer answered by general demurrer, general denial and alleged as a defense that under the declaratory provisions in the contract of insurance the insured was required to inform the insurer whether within a year immediately preceding the issuance of its policy any other company had cancelled any policy covering the truck; that the insured represented that no other policy had been cancelled covering the truck during such period when in truth and in fact one or more policies had been issued and cancelled by other insurance companies, all of which was known to the bank and the insured or in any event they had full opportunity to know thereof and had the insurer been so informed it would not have issued the policy sued on; however, if mistaken as to the effect of such misrepresentations on the right of the bank then, in the alternative, insurer prayed for judgment against the insured for any sum adjudged against it in favor of the bank.

A jury was impaneled, selected and sworn but at the conclusion of the testimony the court peremptorily instructed the jury to find for the insured against the insurer on its cross-action and for him upon his action against the insurer and in favor of the bank against the insured and the insurer jointly and severally. The jury answered in compliance with these instructions and a judgment was rendered that the bank recover against the insured and the insurer jointly and severally the sum of $324.86 with interest from date until paid at the rate of 10% per annum, and that the insured on his action against the insurer recover the sum of $25.14 with interest from the date of the judgment until paid at the rate of 6% per annum, together with costs, from which judgment this appeal is prosecuted.

The provisions of the policy material to a consideration of this appeal are:

(Under the head Declaration)

"The insurance afforded is only with respect to such and so many of the following Coverages as are indicated by a specific premium charge or charges set opposite thereto. The limit of the Company's liability against each such Coverage shall be as stated herein, subject to all of the terms of the policy having reference thereto. * * *

|  | Limits of Liability | Net Rates | Premiums |
|---|---|---|---|
| "Coverage C—Fire, Lightning and Transportation | $350.00 | $2.50 | $8.75 |

\*     \*     \*     \*     \*

"The automobile is fully paid for by the Named Assured and there is no lien, mortgage or other encumbrance thereon, except as follows: Note of $351.00 payable monthly. * * *

"Subject to all the terms of the policy, all of which are made a part of this Item, loss, if any, under Agreements C * * *, payable as interest may appear to the Named Insured and First State Bank, Vernon, Texas.

\*     \*     \*     \*     \*

"No automobile insurance has been cancelled by any Company during the past year except as herein stated nil.

\*     \*     \*     \*     \*

"This policy is made and accepted subject to the provisions, exclusions, conditions and declarations set forth in this entire policy * * *.

"This Company's liability for loss or damage to the automobile shall not exceed the actual cash value thereof at the time

**624**

any loss or damage occurs, and the loss or damage shall be ascertained or estimated accordingly, with proper deduction for depreciation however caused * * *.

"In the event of any loss or damage, whether insured against hereunder or not, the Insured shall protect the property from other or further loss or damage, and any such other or further loss or damage due directly or indirectly to the Insured's failure to protect shall not be recoverable under this policy.

* * * * *

"By acceptance of this policy the Named Insured agrees that the statements in the Declarations are his agreements and representations, that this policy is issued in reliance upon the truth of such representations, and that this policy embodies all agreements existing between himself and the Company or any of its agents relating to this insurance.

* · * * * *

"This entire policy shall be void if the Insured has concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof; or in case of any fraud, attempted fraud, or false swearing by the Insured, touching any matter relating to this insurance or the subject thereof, whether before or after a loss."

The insurer assails as error the action of the court in peremptorily instructing a verdict against it because he contends that the testimony presents for the jury a fact issue as to whether a policy issued by some other insurance company had been cancelled within a year next preceding the issuance of the policy here involved.

█ We believe the testimony sufficient to raise the issue, if available to the insurer as a defense but we are of the opinion that such issue was immaterial since there is nothing in the record to show that any representation or violation of any declaratory provision of the policy contributed to bringing about the destruction of the truck.

Article 4930 of Vernon's Annotated Civil Statutes reads as follows: "No breach or violation of the insured of any of the warranties, conditions or provisions of any fire insurance company, contract of insurance or application therefor, upon personal property, shall render void the policy or contract, or constitute a defense to a suit for loss thereon, unless such breach

or violation contributed to bring about the destruction of property."

If the insurer should offer testimony tending to show that such representation and violation of the provisions of the contract contributed to the destruction of the property it would present a fact issue between the insurer and the insured to be determined by the jury.

Article 4931 of Vernon's Annotated Civil Statutes reads as follows: "The interest of a mortgagee or trustee under any fire insurance contract hereafter issued covering any property situated in this State shall not be invalidated by any act of neglect of the mortgagee or owner of said described property or the happening of any condition beyond his control, and any stipulation in any contract in conflict herewith shall be null and void."

█ Under this statute obviously such issue would be no defense to the cause of action alleged by the bank since admittedly it was the mortgagee. Girard Fire & Marine Ins. Co. v. Farmer, Tex.Civ. App., 36 S.W.2d 282, affirmed by the Commission of Appeals in 53 S.W.2d 1016. See also Universal Automobile Ins. Co. v. Morris Finance Corporation et al., Tex. Civ.App., 16 S.W.2d 360; Camden Fire Ins. Ass'n v. Harold E. Clayton & Co., 117 Tex. 414, 6 S.W.2d 1029.

The insurer challenges the action of the court in directing a verdict against it since the policy limits the liability therein to the actual cash value of the truck at the time the loss or damage occurred and no certain or conclusive proof was offered of the amount of the loss or damage to the truck. The insurer requested special issues on the value of the truck immediately prior to and immediately after the fire, which were refused. The cashier of the bank testified that when he made the loan for the bank he examined the truck and in his opinion it had a cash market value at that time, some ten weeks before the fire, of $450 or $500. The insured, the owner, testified that the truck was in a wreck after he purchased it but that he had it repaired and, in his opinion, it had a cash market value at the time of the fire of $450 to $475 and that it was of no further use as a truck. Mr. Shivers testified that he sold the truck to the insured for about $450 and he saw it after it had been wrecked but before it was repaired and it was worth from $250

to $275 but if properly repaired it might be worth $450. The cashier of the bank and the insurer were unquestionably interested witnesses. The policy stipulated that the insurer's liability for loss or damage to the truck should not exceed the actual cash value at the time the loss or damage occurred and that subject to all the terms of the policy any loss by fire was payable to the bank as its interest appeared.

In Gulf, C. & S. F. Ry. Co. et al. v. Davis, Tex.Civ.App., 225 S.W. 773, 775, the court said: "It is a rule of law, too well settled to require citation of authority, that the jury, being the sole judges of the credibility of the witnesses and the weight to be given their testimony, are not bound by the statements of interested witnesses, even though they may be undisputed by the testimony of others. It is the peculiar province of the jury to examine such testimony in the light of all the facts and circumstances of the case, and to give such weight to the same as they may consider proper. It is also settled law that where a fact is sought to be established by opinion evidence, not amounting to the certainty of positive proof, although not disputed by other evidence, the jury are free to give such weight to the same as in their judgment it may be entitled to. We think these rules are specially applicable in a case like this, where the evidence is in some respects conflicting, and where the proof in part proceeded from an interested witness and in part from other witnesses, whose opinions seem lacking in positiveness, or where the facts upon which they are based in the judgment of the jury might be inadequate."

In Simmonds et al. v. St. Louis, B. & M. Ry. Co., 127 Tex. 23, 91 S.W.2d 332, 334, in an opinion by Commissioner Smedley, the above holding is approved, many authorities reviewed, and the court concludes that: "It is settled by the authorities that the jury in determining facts is not bound by the opinions of witnesses."

It will be noted that the judgment in favor of the bank, together with the judgment in favor of the insured, was for the sum of exactly the face of the policy, $350. A jury could have, under the testimony, found a smaller amount.

The bank contends that the provisions of the policy limiting the liability of the insurer to the actual cash value of the property destroyed or damaged is not applicable to the amount it may recover since article 4931, supra, constitutes a part of the contract between it and the insurer and the agreement between them was that the $350 as to them was a liquidated demand. We do not accede to this construction of the statute and the policy. The bank in support of this contention cites Home Ins. Co. v. Boatner et al., Tex.Civ.App., 218 S.W. 1097, and Norwich Union Fire Ins. Soc., Limited, v. Citizens' Building & Loan Ass'n, Tex.Civ.App., 7 S.W.2d 144. Each of these cases, it will be observed, related to improvements on land and was therefore not insurance on personal property, and the property loss was total. Article 4929 of Vernon's Annotated Civil Statutes makes the amount of the policy on such property a liquidated demand when the loss is total but provides that the article has no application to personal property.

The bank also contends that the evidence was sufficiently definite and certain to establish the amount of the loss and damage at the time of the fire.

Two of the witnesses were interested parties and in addition to the uncertainty and conflict in their opinions the testimony shows without controversy that after the fire the truck had a junk or salvage value, the amount of which is not shown.

In 13 Tex.Jur. 152, para. 65, the author says that the measure of damages for personal property is the difference between the market value immediately before and immediately after the destruction or injury thereto provided there is a market value, which is apparent from the record in this case.

In Whitley v. Kinsel Motor Co., Tex.Civ.App., 94 S.W.2d 202, it is held that the difference between the market value of an automobile before it was wrecked and its market value after the wreck was the proper measure of damages. In Anderson et al. v. Reichart et al., Tex.Civ.App., 116 S.W.2d 772, the holding is to the same effect.

In Webb-North Motor Company v. Ross, Tex.Civ.App., 42 S.W.2d 1086, it is held that where the testimony is conflicting as to salvage value the issue should be submitted to the jury.

This assignment is sustained.

The insurer complains of the refusal of the court to permit it to propound leading questions to the opposite parties who were

unfriendly and adverse witnesses whom it had placed on the stand. Without entering into a discussion of this contention we call the attention of the court to article 3769c of Vernon's Annotated Civil Statutes.

 It is elementary that all fact issues when the case is tried to a jury should be submitted to it for determination unless such issue is abandoned or waived.

The judgment is reversed and the cause remanded.