COMMERCIAL CASUALTY INS. CO. et al.
v. HOLMES.

No. 9668.

Court of Civil Appeals of Texas. Austin.

Nov. 28, 1947.

Rehearing Denied Dec. 17, 1947.

Moursund, Ball, Moursund & Bergstrom, by T. B. Moursund, all of San Antonio, and Kelley, Looney, McLean & Enochs, of Edinburg, for appellant.

Sid L. Hardin, of Edinburg, and Greer, Cox & Patterson, by R. P. Cox, all of McAllen, for appellee.

HUGHES, Justice.

Appellee, Joe Holmes, sued appellants, Commercial Casualty Insurance Company and Firemen's Insurance Company of Newark, New Jersey, to recover upon fire insurance policies issued him by appellants covering a truck and trailer which were destroyed by fire near Marco, Indiana.

Appellants defended on the grounds (1) that the fire was of incendiary origin and that appellee was implicated therein; and (2) that subsequent to the loss appellee made false statements under oath which under the provisions of the policy rendered it void.

The jury found that the burning of the truck and trailer was not brought about by act, design or procurement on the part of appellee.

This finding is assailed as being against the overwhelming weight of the evidence.

At the time of its destruction, early in the morning of July 14, 1941, the truck was being driven by one M. L. Burrows, an employee of appellee. Burrows was arrested a few hours after the fire and placed in jail at Bloomfield, Indiana. He telephoned appellee in St. Louis, who immediately left for Bloomfield, arriving there about 11 a. m. on the day of the fire. Burrows told appellee that he went to sleep, the car left the road and overturned. Appellee arranged for a lawyer to make Burrow's bond and returned to St. Louis. Burrows escaped jail the following day and returned to Texas. Later he was arrested in Texas and returned to Indiana where he pleaded guilty to arson for burning the truck and trailer. Burrows testified that he owed appellee about $250, who offered to cancel the debt if he (Burrows) would burn the truck and trailer.

Appellee denied all of Burrow's charges and testified that he believed Burrows innocent until informed that he had entered a plea of guilty to arson in Indiana.

Appellants argue that the physical facts at the scene of the fire, which appellee viewed, indicated arson so plainly that appellee must have known that the fire was not accidental. If this be conceded it does not prove that the fire was set at appellee's instance. Just how Burrows was to benefit from loss of the trailer is not shown and the jury could very well have answered this issue differently. The jury decided, however, to accept the testimony of appellee rather than believe a self admitted criminal, and we cannot hold that this finding is against the preponderance of the evidence.

The policies sued upon contained this provision:

"This entire policy shall be void if the insured has concealed or misrepresented

any material fact or circumstances concerning this insurance or the subject thereof; or in case of any fraud, attempted fraud or false swearing by the insured touching any matter related to this insurance or the subject thereof whether before or after a loss."

The jury found (1) that appellee in his deposition taken in this cause stated under oath that he had not seen Burrows between the time of his escape from the Bloomfield jail and the taking of his deposition in March 1942; (2) that this statement was false; (3) that appellee concealed the whereabouts of the witness Burrows between the time of his escape from jail and March 1942; and (4) that neither such false testimony nor such concealment was as to a material matter concerning the subject of the insurance.

■ Article 4930, Vernon's Ann.Civ. St., known as the anti-technicality statute, which provides that no breach of any provision in any fire insurance policy upon personal property shall render the policy void or constitute a defense to a suit for loss thereon, "unless such breach or violation contributed to bring about the destruction of the property," is not applicable to the provision of the policies here involved under the facts of this case, for the reason that a false statement made by insured after the loss could not possibly have contributed to bring about a destruction of the property. McPherson v. Camden Fire Ins. Co., Tex.Com.App., 222 S.W. 211.

■ "False swearing" is the provision of the policy which appellants charge has been violated by the false testimony given in appellee's deposition. In the criminal law there is a distinction between false swearing and perjury. They constitute two separate offenses. "False swearing" is the deliberate and wilful making, under oath, of a false statement by a voluntary declaration or affidavit, which is not required by law or made in the course of a judicial proceeding. Perjury is a false statement, under oath, under circumstances where the oath is required by law or is necesssary for the prosecution or defense

of any private right or for the ends of public justice. Shipp v. State, 81 Tex.Cr. R. 328, 196 S.W. 840.

It is apparent that appellee has not committed the penal offense of false swearing.

We believe the distinction between false swearing and perjury is of practical importance in construing the provision of the policies before us. It is one thing for an insured to agree that he will not voluntarily and deliberately make a false statement under oath touching any matter relating to his insurance on the penalty of forfeiting claim for his loss, and an entirely different thing for him to agree that he may, without notice, be commanded to appear before some authorized officer and there questioned and cross-questioned by hostile counsel upon the penalty that if he makes one false statement touching the subject-matter of his insurance he will lose his claim.

Appellee's deposition, in which the false testimony was given, was taken in March 1942. Burrows did not plead guilty to arson in Indiana until July 1944. Appellee testified that until he learned of this plea of guilty he believed Burrows innocent. In view of the findings of the jury and in support of the judgment we accept this testimony as true. So when appellee falsely testified in March 1942 that he had not seen Burrows, he believed that Burrows had not burned the truck, and he knew that he, appellee, had nothing to do with its burning.

Burrows was eventually procured as a witness and testified to appellee's complicity in the burning of the truck. This was the only testimony connecting him with the offense. Neither appellee nor appellants could have known that Burrows would swear as he did when appellee was interrogated as to his whereabouts in 1942.

■ Under these circumstances we hold that the false evidence of appellee did not, when made, "touch any matter related to this insurance or the subject thereof."

The judgment of the trial court is affirmed.

Affirmed.