CITIZENS STATE BANK OF DICKINSON, TEX. v. AMERICAN FIRE & CASUALTY CO.

No. 13850.

United States Court of Appeals
Fifth Circuit.

June 24, 1952.

E. A. Kelley, Houston, Tex., Cecil J. Palmer, Dickinson, Tex., for appellant.

David Bland, Houston, Tex., for appellee.

Before HOLMES, BORAH, and RIVES, Circuit Judges.

BORAH, Circuit Judge.

This suit was brought by the Citizen's State Bank of Dickinson, Texas, as mortgagee under an automobile insurance policy with loss payable clause in its favor. The policy was issued by the defendant, American Fire and Casualty Company, on certain motor vehicles owned by the mortgagor, J. L. Langness. Three of the vehicles covered by the policy were destroyed by fire and proof of loss was duly furnished to the insurance company. The insurer denied liability on the ground that the policy was void from its inception for the reason that it was obtained by Langness through the false and fraudulent representation that no insurer had cancelled any other policies of insurance during the past year on the motor vehicles in question;[1] and that the plaintiff bank, through its officers, knew that prior insurance had been cancelled and wilfully concealed this material fact when the duty was upon it to divulge such facts to the insurance company. The cause came on for trial before the court without a jury and the court made findings of fact and conclusions of law and entered judgment that plaintiff should take nothing by its suit. This appeal followed.

The material facts, as found by the court, are these: At the time the policy was issued Langness was indebted to the bank in the amount of $18,992.34, which was evidenced by a note in its favor secured by a chattel mortgage on five of the vehicles described in the policy. The president of the plaintiff bank, W. G. Hall, had made the loan to Langness and was conversant with all phases thereof. Hall was also the owner of an insurance agency and through this agency had, between March and July of 1948, written three separate policies of insurance covering these motor vehicles. These policies had been written in different companies and in each instance had been cancelled by the insurer within a month or two after issuance. Following the last cancellation, Hall advised Langness that none of his companies would carry the risk and told Langness to procure insurance on his own initiative through some other agency. Langness got in touch with the Reiss Insurance Agency and in making application for the insurance advised Reiss that no insurer had cancelled or declined to issue any automobile insurance for him during the past year. Thereafter Hall informed Reiss by telephone that the bank would pay the premium and the policy was issued and mailed to the bank, which retained possession thereof until the date of the fire. Attached to the policy was Texas Standard Endorsement Form 112—loss payable clause in favor of the plaintiff bank. Upon receipt of the policy, Hall examined it, and the trial judge found that

---

1. In this connection, the policy reads as follows: "Insurance Cancelled: No insurer has cancelled or declined to issue any automobile insurance for the name insured, during the past year except:" In response to this declaration there appears on the face of the policy: "No exceptions."

Hall thus became aware of Langness' misrepresentation as to cancellation of prior insurance but failed to advise the insurance company of the true facts. On the basis of these findings, the trail judge concluded as a matter of law that the failure to speak, on learning of the misrepresentation, constituted a wrongful concealment of a material fact, which precluded any recovery by the mortgagee on the policy.

 Appellant contends that Articles 6.14 and 6.15 of the Texas Insurance Code, V.A.T.S.Insurance Code, arts. 6.14, 6.15,[2] are applicable to this case. In connection with Article 6.14, it claims that under the decision in Commercial Standard Insurance Company v. First State Bank of Vernon, Tex.Civ.App., 142 S.W.2d 621, even the mortgagor would not be barred from recovery by his misrepresentation as to cancellation of prior insurance and a fortiori the mortgagee should not be barred. Article 6.14 of the Texas Insurance Code reads as follows:

> "No breach or violation by the insured of any warranty, condition or provision of any fire insurance policy, contract of insurance, or application therefor, upon personal property, shall render void the policy or contract, or constitute a defense to a suit for loss thereon, unless such breach or violation contributed to bring about the destruction of the property."

In McPherson v. Camden Fire Insurance Co., 222 S.W. 211, the Commission of Appeals of Texas, after a thorough examination of the legislative purpose and intent in enacting Article 4930, Revised Civil Statutes of Texas, now codified as Article 6.14 of the Texas Insurance Code, held that the act had no application to a breach of those provisions of a policy which are material to the risk, a violation of which could not, from their very nature, contribute to bring about the destruction of the property. In other words, the court limited the application of the statute to that class of fire insurance policy provisions, breach of which might have contributed to bring about loss by fire but which did not. This construction of the statute has been consistently followed by the Texas courts. Philadelphia Underwriters' Agency v. Driggers, Tex. Sup.Ct., 111 Tex. 392, 238 S.W. 633; Providence-Washington Insurance Co. v. Levy & Rosen, Tex.Com.App., 222 S.W. 216; Aetna Insurance Co. v. Waco Co., Tex.Com.App., 222 S.W. 217; Merchants' & Manufacturer's Lloyd's Ins. Exch. v. Southern Trading Co., Tex.Com.App., 229 S.W. 312; Humphrey, v. National Fire Ins. Co., Tex.Com.App., 231 S.W. 750; Security National Fire Ins. Co. v. Schott Drug Co., 133 Tex. 559, 129 S.W.2d 632, 125 A.L.R. 342; Aetna Ins. Co. v. Jackson, Tex.Civ.App., 282 S.W. 656; Commercial Casualty Ins. Co. v. Holmes, Tex.Civ.App., 206 S.W.2d 882; 24 Texas Jurisprudence § 167. The cancellation clause in the policy was a material provision,[3] violation of which could not, from its very nature, contribute to bring about the destruction of the property. Accordingly, we are of opinion that Article 6.14 has no application to a breach of the noncancellation provision and the mortgagor could not have recovered by reason of the provisions of the statute. It is true that in Commercial Standard Ins. Co. v. First State Bank of Vernon, 142 S.W.2d 621, the Court of Civil Appeals, without any discussion of the question, arrived at a contrary result. However, the Court did not cite any authority whatever in support of its view and we feel compelled to follow the rule repeatedly announced by a long line of decisions of the Commission of Appeals of Texas and the Texas Supreme Court.

██ Therefore, if appellant is to recover, it must be by reason of Article 6.15, which reads as follows:

> "The interest of a mortgagee or trustee under any fire insurance contract hereafter issued covering any property situated in this State shall not be invalidated by any act or neglect

---

2. Articles 6.14 and 6.15 of the Texas Insurance Code were formerly Articles 4930 and 4931, respectively, of the Revised Statutes of Texas.

3. See 24 Texas Jurisprudence § 197.

of the mortgagor or owner of said described property or the happening of any condition beyond his control, and any stipulation in any contract in conflict herewith shall be null and void."

It is plain that the purpose of this statute is to protect the mortgagee against "any act or neglect of the mortgagor". Accordingly, Langness' act in making the false representation could not invalidate the fire insurance policy as to appellant bank. Regardless of that conclusion, we think that if the mortgagee was guilty of a wrongful act in failing to make the disclosure to the insurance company, such wrongful act of the mortgagee would prevent recovery. This is so for the reason, as pointed out by the Supreme Court of Texas in Camden Fire Ins. Ass'n v. Harold E. Clayton & Co., 117 Tex. 414, 6 S.W.2d 1029, 1030, that this statute is largely a legislative adoption of the interpretation which the courts of this country have given to the so-called "'Union Mortgage Clause'", and it is the general rule that the effect of the Union Mortgage Clause is to make a new, independent contract between the mortgagee and the insurance company, the validity of which is dependent solely on the acts of the mortgagee. See Camden Fire Ins. Ass'n v. Harold E. Clayton & Co., supra; Home Ins. Co. v. Boatner, Tex.Civ.App., 218 S.W. 1097; Georgia Home Ins. Co. v. Golden, 127 Tex. 93, 91 S.W.2d 695; Home Ins. Co. of New York v. Lake Dallas Gin Co., 127 Tex. 479, 93 S.W.2d 388; Syndicate Ins. Co. v. Bohn, 8 Cir., 65 F. 165, 27 L.R.A. 614. Accordingly, the question here is whether there was a wrongful act of the mortgagee bank breaching the contract between it and the insurance company. The district court found that the bank became aware of the misrepresentation at the time when Hall examined the policy and we are unable to say that such finding is clearly erroneous. Therefore, since the bank knew of Langness' misrepresentation to the insurance company and knew that such misrepresentation concerned a matter material to the risk of which the insurer was ignorant and deceived, the question is this: Could the bank sit back without disclosure and take advantage of the misrepresentation by which the insurance policy, applied for at its instance and with loss payable clause in its favor, was obtained? We think not and hold that the court below was right in concluding that the failure of the bank to speak constituted a wrongful concealment of a fact which it knew to be material and that the bank is precluded from recovery by its own wrongful act. Cf. First State Bank of Gustine, Texas v. New Amsterdam Casualty Co. of New York, 5 Cir., 83 F.2d 992; General Reinsurance Corp. v. Southern Surety Co., 8 Cir., 27 F.2d 265; Genesee Falls Permanent Savings & Loan Ass'n v. U. S. Fire Ins. Co., 16 App.Div. 587, 44 N.Y.S. 979.

The judgment of the District Court is affirmed.