C. A. VERNON et al., Plaintiffs,

v.

AETNA INSURANCE COMPANY,
Defendant.

Civ. A. No. 13172.

United States District Court
S. D. Texas,
Houston Division.

Nov. 29, 1960.

Percy Foreman, Cire & Jamail, George E. Cire, Houston, Tex., for plaintiffs.

Barrow, Bland & Rehmet, David Bland, Houston, Tex., for defendant.

INGRAHAM, District Judge.

The case is before the court on defendant's First Amended Motion for Summary Judgment.

Plaintiffs, C. A. Vernon and daughter, Marianne Vernon (named in the policy of insurance sued upon as Marianne Vernon Lorentzen), residents of Texas, base their claim for relief against defendant, Aetna Insurance company, hereinafter called Aetna, a corporate resident of the State of Connecticut, upon a personal property floater policy of insurance to which is attached a schedule of jewelry specifically insured for the sum of $49,-150. The policy further covers unscheduled personal property, other than jewelry, in the amount of $26,000, and there is no coverage afforded by the policy on unscheduled jewelry other than $250 coverage for any one loss.

The policy affords all-risk coverage, subject however to the exclusions contained in the policy.

Plaintiffs state in their original complaint that on or about January 17, 1960, articles of jewelry valued at $27,700 were taken from the home of plaintiffs in Bryan, Texas, under circumstances that constituted burglary or theft.

Heretofore the court has dismissed defendant Phil Nabors, a resident of the State of Texas, from this suit because of the failure of the complaint to state a claim against him upon which relief could be granted. Defendant Aetna removed the case from the District Court of Brazos County, Texas, alleging properly that the resident defendant was fraudulently joined in order to defeat the removal jurisdiction of this court. Consequently, complete diversity of citizenship exists, and the amount involved is in excess of $10,000, giving this court jurisdiction under the provisions of Title 28 U.S.Code, §§ 1332 and 1441.

On May 20, 1960, Marianne Vernon appeared before a Notary Public in and for Brazos County, Texas, signed, subscribed and swore to a statement in which she confessed that the alleged burglary and theft described in plaintiffs' complaint was a complete hoax and a scheme and conspiracy devised to defraud Aetna into paying the proceeds of its policy upon a feigned act of burglary committed by C. A. Vernon. According to this sworn statement, the feigned act of burglary and the entirety of the scheme and conspiracy was known to Marianne Vernon at the time it was carried out.

Aetna filed its original motion for summary judgment on September 8, 1960, to which it attached a copy of the said affidavit of Marianne Vernon. A hearing was set by the court on defendant's original motion for summary judgment on

October 31, 1960. Prior to such hearing, plaintiffs, along with affidavits of Mr. and Mrs. C. A. Vernon, filed another sworn statement dated October 28, 1960, of Marianne Vernon, in which she stated that the hoax and feigned act of burglary described in her affidavit of May 20, 1960, was not true and was completely false. This affidavit says that Marianne Vernon was induced to make the affidavit of May 20, 1960, by a man with whom she was in love. This second sworn statement further asserted that she, Marianne Vernon, simply concocted the facts stated in the May 20th statement about the participation of her father and mother in the feigned act of burglary and theft in order to protect said man with whom she was in love and prevent him from going to the penitentiary for the theft. I will not speculate upon the emotions and reactions of this woman, but one wonders how long she would love and trust him after she knew he had stolen her jewelry.

The two statements, under oath, given by Marianne Vernon are in direct conflict, one of which must be false and untrue as to the material facts covering whether an insured loss actually occurred.

■ The policy of insurance sued upon by plaintiffs contains the following langauge in paragraph 9 thereof:

"This policy shall be void if the Assured has concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof or in case of any fraud, attempted fraud or false swearing by the Assured touching any matter relating to this insurance or the subject thereof, whether before or after a loss."

Language of similar import contained in insurance policies consistently has been held operative and effective by the courts. Chaachou v. American Central Insurance Company, 5 Cir., 1957, 241 F.2d 889; 5 Appleman, Insurance Law and Practice, Section 3587; 29 American Jurisprudence, Section 1419, page 529.

■ Aetna invokes the above-quoted language and contends in its motion for summary judgment that the two affidavits given by Marianne Vernon, as a matter of law, constitutes fraud, attempted fraud, false swearing, concealment and misrepresentation, touching the subject matter of the insurance policy.

The court is convinced that Aetna's position is correct and that its First Amended Motion for Summary Judgment should be granted.

■ Admitting that the original statement, under oath, given by Marianne Vernon was false, nevertheless, plaintiffs urge the application of Article 21.19, Insurance Code of Texas, V.A.T.S., which is quoted as follows:

"Any provision in any contract or policy of insurance issued or contracted for in this State which provides that the same shall be void or voidable, if any misrepresentations or false statements be made *in proofs of loss or of death*, as the case may be, shall be of no effect, and shall not constitute any defense to any suit brought upon such contract or policy, unless it be shown upon the trial of such suit that the false statement made in such *proofs of loss or death* was fraudulently made and misrepresented a fact material to the question of the liability of the insurance company upon the contract of insurance sued on, *and that the insurance company was thereby misled and caused to waive or lose some valid defense to the policy.*" (Emphasis supplied.)

In urging the application of this statute, plaintiffs contend that the May 20tn statement of Marianne Vernon was the equivalent of a proof of loss or, in any event, was a statement made in support of a claimed loss given after Aetna invoked paragraph 11 of the policy sued upon which is quoted, in part, as follows:

"The Assured shall submit, and so far as is within his or their power shall cause all other persons interested in the property and members of the household and employees to submit, to examinations under oath by

any persons named by the Company, relative to any and all matters in connection with a claim and subscribe the same; * * *."

Plaintiffs' contention is overruled.

The application of Article 21.19 above quoted by its plain meaning is confined to "misrepresentations or false statements be made in proofs of loss or of death". It does not apply to statements made under oath for the purpose of cleansing the insured's conscience and disclaiming any rights under the policy, if the May 20th sworn statement be true; or for the purpose of protecting her lover at the expense of her parents, if the October 28th sworn statement be true. Consequently, the insured, Marianne Vernon, has been guilty of false swearing of the type condemned by the insurance policy, but to which Article 21.19 is not applicable. The decision in Fidelity-Phenix Fire Ins. Co. v. Sadau, Tex.Civ.App. 1914, 167 S.W. 334 (no writ of error history), and other similar decisions are not in point.

■ Further, the record reflects that this suit was filed on April 29, 1960, twenty-one days prior to the first sworn statement. Article 21.19 contemplates that the misrepresentations and false statements to which it is applicable must be made prior to the commencement of litigation. Commercial Casualty Insurance Co. et al. v. Holmes, Tex.Civ.App. 1947, 206 S.W.2d 882 (no writ of error history).

Neither is the holding in Fireman's Fund Ins. Co. v. Reynolds, Tex.Civ.App., 85 S.W.2d 826, cited by plaintiffs, applicable here. In that case it was held that a defense based on false statements made upon examination of the insured after loss upon the insurance company's invoking a provision of the policy similar to that quoted above in paragraph 11 of the insurance policy, is subject to the requirements of Article 21.19. As has been demonstrated, Marianne Vernon's giving of the sworn statement of May 20th was for other reasons and purposes than contemplated by this decision.

■ Even if it be assumed that the sworn statements given by Marianne Vernon are of the character to which Article 21.19 is applicable, this court holds as a matter of law that the misrepresentation and false statements therein contained are of such a nature as to constitute a valid defense.

If it is assumed that the May 20th statement is true, it is obvious that Aetna has no liability because no insured loss occurred. If it is assumed that the May 20th affidavit is false and the one of October 28th is true (and this is what plaintiffs contend), it is then equally obvious that Marianne Vernon is not only guilty of false swearing, but guilty of misrepresentations that were relied upon by Aetna to its monetary detriment in instituting a defense to the suit and asserting its cross-action. This conduct constitutes active fraud which prevents recovery by Marianne Vernon.

As was pointed out in Chaachou, supra, the defense that an insurance company loses when faced with the claims of an insured who admittedly has been guilty of false swearing and misrepresentations which were relied upon by the insurance company to its monetary damage is the right to have its insured deal with the company in honesty and fairness and not to put the insurer to the task of "segregating truth from untruth, ferreting out the honest from the dishonest, choosing the right from amongst the wrong, with all or much of the factual material coming from one now considered to be morally unreliable." [241 F.2d 893.]

■ Lastly, plaintiffs contend that a fact issue of estoppel is raised by the record before the court as to whether the person allegedly inducing Marianne Vernon to give the sworn statement of May 20th was acting as an agent or representative of Aetna.

■ Here, again, plaintiffs' contention must be rejected. The only assertion in the record before the court that said person was a representative of Aetna is contained in the unsworn Plea in Opposition to Defendant's First Amended Mo-

tion for Summary Judgment signed by plaintiffs' counsel. This is not the proper form for submitting facts on motions for summary judgment. Such facts must be presented under oath by persons competent to testify. Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A.

However, the factual statements offered by plaintiffs' counsel do not raise even an inference that the person allegedly inducing Marianne Vernon to make the sworn statement of May 20, 1960, was acting in any capacity for Aetna. Consequently, if such facts were considered, a fact issue is not raised.

■ The statement of Marianne Vernon of May 20, 1960, contains the following language:

"The jewelry was mostly mine. The diamond bracelet that was valued at $25000.00 was mine and so was the small bracelet that was valued at $2000.00. A couple of the other pieces was mine also."

This portion of Marianne's statement of May 20, 1960, remains uncontroverted by her affidavit of October 28, 1960, and the affidavits of her mother, Bertie Reed Vernon, and her father, C. A. Vernon, filed in opposition to defendant's original motion for summary judgment of the same date. Accordingly, the record is clear that $27,000 of the $27,700 claim is that of Marianne Vernon, from which she is barred from recovery as herein set forth. There remains only the $700 claim of C. A. Vernon, which is not within the jurisdiction of this court, even if the totality of the $5,000 exemplary damage claim is pursued.

Simply restated, there was fraud practiced by plaintiffs, whichever of plaintiffs' views is accepted. If Marianne Vernon's affidavit of May 20, 1960, is true, the claim asserted by plaintiffs is fraudulent. If it is not true, plaintiffs have certainly perpetrated a fraud upon defendant, and violated the terms of the contract, by representing false facts and concealing the true.

■ Fraud on the part of one of the joint contractors is attributable to the other. Federal Insurance Co. v. Wong, et al., D.C.S.D.Calif.1956, 137 F.Supp. 232, and Texas cases cited therein, Jones v. Fidelity & Guaranty Ins. Corp., Tex. Civ.App., 250 S.W.2d 281; Bridges v. Commercial Standard Ins. Co., Tex.Civ. App., 252 S.W.2d 511.

The clerk will notify counsel to draft and submit judgment accordingly.