REVISED  JULY 3, 2001

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

———————————————

No. 00-40533

———————————————

MORRIS COUNTY NATIONAL BANK,

Plaintiff-Appellee,

versus

JOHN DEERE INSURANCE COMPANY,

Defendant-Appellant.

—————————————————————————————————

Appeal from the United States District Court
for the Eastern District of Texas

—————————————————————————————————

June 14, 2001

Before REYNALDO G. GARZA, HIGGINBOTHAM, and SMITH, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:

John Deere Insurance Company ("John Deere") appeals the district court's grant of summary judgment in favor of Morris County National Bank ("Morris County").  For the reasons stated below, we REVERSE.

<u>FACTUAL AND PROCEDURAL BACKGROUND</u>

Morris County loaned J.T. Lockeby ("Lockeby") $50,000 for the purchase of a 1989 Hydroax Feller Buncher ("Buncher").  A Buncher is a piece of heavy equipment used in the timber industry to cut down trees.  John Deere insured the Buncher for Lockeby under a fire

-1-

insurance policy that named Morris County as the loss payee. This policy was effective from September 24, 1996 to September 24, 1997, and Morris County had a copy of the policy that stated its term.

The policy did not require John Deere to give either Lockeby or Morris County notice of its expiration, but, on September 19, 1997, John Deere warned Lockeby that the policy would expire on September 24, 1997 unless renewal premiums were paid. John Deere did not give Morris County the same notice. Lockeby did not pay the renewal premium, and the policy expired. Then, John Deere notified Lockeby, but not Morris County, that the policy had, in fact, expired.

On October 4, 1997, a fire destroyed the Buncher. Morris County demanded $50,000 under the policy to cover the loss. John Deere denied Morris County's demand on the grounds that the policy had expired prior to the loss.

Morris County filed an Original Petition for Declaratory Judgment in state court on August 27, 1999. It sought a judgment that John Deere owed Morris County, as a mortgagee, reasonable notice of the termination of coverage under the policy before any such termination would become effective as to its interests. Morever, Morris County claimed that, because no notice was given, John Deere was obligated to pay it $50,000, plus interests, costs, and reasonable attorney's fees. John Deere removed the action to federal district court based on complete diversity of citizenship.

Both parties filed motions for summary judgment in the federal district court. The district court concluded that article 6.15 of the Texas Insurance Code required John Deere to give Morris County notice of the policy's expiration, and, since no notice was given, Morris County still had

an interest in the policy. Accordingly, the district court granted summary judgment in favor of Morris County. John Deere now appeals.

DISCUSSION

I. Standard of Review

We review the granting of summary judgment *de novo*. *See Bussian v. RJR Nabisco, Inc.*, 223 F.3d 286, 293 (5th Cir. 2000). We view all evidence in the light most favorable to the party opposing the motion and draw all reasonable inferences in that party's favor. *See id.* If the evidence demonstrates that there is no genuine issue regarding any material fact, summary judgment is proper. *See i*d.

II. Analysis

This case presents an issue that Texas courts have not addressed. That issue is whether article 6.15 of the Texas Insurance Code imposes a duty on an insurer to notify its insured's mortgagee of the policy's impending expiration when the insurance policy does not require such notice. We hold that article 6.15 does not contain an independent notice requirement; therefore, it does not impose a duty on the insurer to notify an insured's mortgagee of the policy's impending expiration.

Article 6.15 of the Texas Insurance Code provides:

> The interest of a mortgagee or trustee under any fire insurance contract hereafter issued covering any property situated in this State shall not be invalidated by any act or neglect of the mortgagor or owner of said described property or the happening of any condition beyond his control, and any stipulation in any contract in conflict herewith shall be null and void.

TEX. INS. CODE ANN. art. 6.15.

The purpose of article 6.15 is "to protect mortgagees from mortgagor derelictions with respect to insurance policies on mortgaged properties." *Standard Fire Ins. Co. v. United States*, 407 F.2d 1295, 1299 (5th Cir. 1969). The statute "immunizes the mortgagee against the legal consequences of any act done by the mortgagor or owner either prior to or subsequent to issuance of the policy in question." *St. Paul Fire & Marine Ins. Co. v. Crutchfield*, 162 Tex. 586, 350 S.W.2d 534, 537 (1961). The effect of the statute is to free the mortgagee from the burden of micro-managing its mortgagor's fire insurance policies by immunizing the mortgagee from the legal consequences of the mortgagor's acts or omissions in procuring or maintaining an insurance policy. *See Standard Fire Ins. Co.*, 407 F.2d at 1299.

Article 6.15 achieves this effect by creating a new and independent contract between the mortgagee and the insurer. *See id.*; *see also St. Paul Fire & Marine Ins. Co.*, 350 S.W.2d at 591. Therefore, when the mortgagor's acts or omissions invalidate his fire insurance contract, the mortgagee's independent contract survives just as any other independent contract would. *See id.* For example, in *Standard Fire Ins. Co. v. United States*, an insurer cancelled the mortgagor's insurance policy for nonpayment of premiums without notifying the mortgagee. *Std. Fire Ins. Co.*, 407 F.2d at 1296. A fire destroyed the covered property after cancellation. *See id.* The mortgagee made a claim on the insurance proceeds, but the insurer denied coverage on the ground that it had cancelled the policy. *See id.* We held that the cancellation was ineffective as to the mortgagee's rights to coverage because the cancellation was due to the mortgagor's failure to make premium payments. *See id.* at 1301. The mortgagee in *Standard Fire* was immune from the effects of the mortgagor's acts because article 6.15 makes the mortgagee's rights under the

contract independent of the mortgagor's. Therefore, the mortgagee could not lose its rights due to the act of the mortgagor.

The mortgagee can, however, lose its rights due to its own acts or omissions. *See Citizens St. Bank of Dickinson v. Amer. Fire & Cas. Co.*, 198 F.2d 57, 60 (5th Cir. 1952). In *Citizens State Bank of Dickinson v. American Fire and Cas. Co.*, the mortgagor obtained a fire insurance policy on certain motor vehicles by misrepresenting to the insurer that no other policies of insurance had been cancelled on the vehicles in the past year. *Id.* at 58. The mortgagee was aware of this misrepresentation and withheld the information from the insurer. *See id.* When fire destroyed the vehicles, the mortgagee claimed that it was entitled to the insurance proceeds. *See id.* The insurer denied coverage on the ground that the policy was void due to the misrepresentation. *See id.* The mortgagee argued it was entitled to the insurance proceeds because the mortgagor's misrepresentation was an act that could not invalidate the independent rights article 6.15 provides. *See id.* at 59-60. We agreed that the mortgagor's misrepresentation could not invalidate the mortgagee's rights, but we held that article 6.15 did not protect the mortgagee from its own wrongful act. *See id.* at 60. The mortgagee lost its interest because of its misrepresentation, not because of the mortgagor's. *See id.* So, though the mortgagor's acts or omissions cannot invalidate the mortgagee's rights, the mortgagee's own acts or omissions can invalidate its rights. *See id.*

Our decision in *Citizens State Bank* reveals that the contract article 6.15 grants the mortgagee is independent of the mortgagor's contract, but it is still a contract, which means it is subject to the same limitations to which all contracts are subject. Proper notice can cancel it, *see Std. Fire Ins. Co.*, 407 F.2d at 1301-02, the mortgagee's wrongful act can void it, *see Citizens St.*

-5-

*Bank of Dickinson*, 198 F.2d at 60, and, most importantly for this case, it can expire pursuant to its terms.

While article 6.15 grants the mortgagee an independent contract with independent rights, it does not free the mortgagee from the responsibilities and limitations of that independent contract. In Texas, one limitation on an insurance policy is that an insurer has no duty to notify the insured of the policy's expiration in the absence of contrary policy provisions. *See Shindler v. Mid-Continent Life Ins. Co.*, 768 S.W.2d 331, 333 (Tex. App.–Houston[14th Dist.] 1989). This rule is consistent with Texas's principle that an insured is deemed to know the contents of his insurance contract, including its expiration date. *See id.* at 334. The language of article 6.15 makes clear that it protects the mortgagee from the acts and omissions of the mortgagor. We see nothing in the statute that protects the mortgagee from the terms of the contract the statute creates. The duty article 6.15 imposes upon an insurer is to do unto the mortgagee as it is *required* to do unto the mortgagor. While Texas law clearly grants a mortgagee a contract independent of the mortgagor's, it does not grant a contract better than the mortgagor's. These principles are the only ones consistent with the notion that article 6.15 grants the mortgagee an independent contract with the insurer.

Here, the terms of the insurance contract state that coverage expired on September 24, 1997. Texas law imposes no duty on John Deere to notify Morris County or Lockeby of the policy's expiration. Thus, on September 24, 1997, Morris County lost coverage, not because Lockeby's contract expired or because of his act or omission, but because Morris County's own contract expired.

This analysis is complicated slightly by the fact that John Deere gave Lockeby an opportunity to renew his policy despite having no duty to do so. Morris County argues that Lockeby's failure to renew is an omission protected by article 6.15. However, the purpose of the statute reveals that the failure to pay a renewal premium is not the type of "act or omission" contemplated by article 6.15.

The purpose of article 6.15 is to free mortgagees from the burden of micro-managing the mortgagor's insurance policies. Mortgagee's need not do intensive investigation of facts recited in the mortgagor's insurance application because article 6.15 protects mortgagees from mortgagor fraud or misrepresentation in procuring the policy. *See Citizens St. Bank of Dickinson*, 198 F.2d at 60. Mortgagees do not have to ask the insurer if the mortgagors have paid the premium on a monthly basis because article 6.15 protects them from cancellation for nonpayment of premiums. *See Std. Fire Ins. Co.*, 407 F.2d at 1301. In sum, article 6.15 frees mortgagees from constantly having to expend effort to determine if they still have coverage.

This underlying purpose is not implicated, however, when, as here, coverage expires pursuant to the terms of the mortgagee's own contract. Morris County had a copy of the insurance contract that stated the date on which the policy expired. Morris County did not have to expend continuous effort to determine whether they were still covered under the insurance contract. They merely had to know the terms of their own contract with the insurer.

Furthermore, we think the alternative to our decision is unacceptable. If article 6.15 contained an independent notice requirement, Morris County would have retained coverage for an indefinite period of time after the policy expired despite the fact that Morris County's own copy

of the contract stated that coverage would expire on September 24, 1997 without notice.  This result is inconsistent with the purpose of the statute.

## CONCLUSION

We hold that article 6.15 does not contain an independent notice requirement, and, therefore, it does not impose a duty on the insurer to notify an insured's mortgagee of the policy's impending expiration.  Any issues not addressed in this opinion were considered but deemed to be without merit.  We REVERSE the decision of the district court and RENDER judgment in favor of John Deere Insurance Company.